Curia, per Savage, Ch. J.
The action was assumpsit for board, washing, lodging, &c. of the defendant’s servants, and for the rent of an office. Plea, the general issue. On the hearing, it appeared that the person (one Storms) for whose board the action was brought, was in the employ of a stage company, consisting of the defendant and several other persons. It was objected by the defendant’s counsel that the plaintiff could not give evidence of any demand except such for which the defendant was solely liable ; and so the referees decided.
The plaintiff offered one Nathan T. Sly as a witness, who was objected to on the ground of interest; and it was proved that Sly was one' of the stage company to which the defendant belonged, and that in a settlement with the company, Sly had charged, and Was credited for money paid the plaintiff for the board, &c. of Storms, this being part of the plaintiff’s account against the defendant. The referees decided that he (Sly) was interested, and rejected him. The defendant *had demanded and received a bill of particulars which was entitled in the suit generally, and did not allege in any way that Storms was in the employment of a company.
In the case of Williams v. Allen, (7 Cowen, 318,) it was said, the law is well settled, that where there are several persons jointly indebted, or jointly responsible, and all of them are not made defendants, this must be pleaded in abatement, and cannot be taken advantage of at the trial. In that case Mr. Justice Woodworth goes on to state that *48 a bill of particulars may be called for; and if it sets forth joint contract, it will not then be too late to plead in abatement. To do this, however, the hill of particulars must be- obtained within the time of pleading in abatement. B,ut if the bill of particulars, does not show a joint contract, and no plea in abatement is put. ip, then, the only question is upon the sufficiency of the bill of'particulars.
■ The reason why an action should be brought against all the joint debtors is a technical one; that it is most convenient that there should be but one judgment against all who were liable to the plaintiff’s demand. (5 Burr. 2613.) But,, says Lord Mansfield, experience, shows- that convenience as well, as justice lies the other way. - All, contracts with partners are joint and several; every- partner- is liable to. pay the whole. In what proportion the- others should contribute,is- a matter merely among themselves>. A credit tor knows with whom he dealt,, but he does net know the secret, partnership.. It is cruel to. turn a creditor round,, and make him pay the costs of a nonsuit in favor-of' a, defend-! ant who is liable to pay the whole demand.. In this: way» a plaintiff may be nonsuited twenty times, before, h.e learns all the parties. The defendant knows who am his partners, and- can,, in his plea, in abatement, give* the. information to the plaintiff..
Was. the bill of particulars sufficient?' The, bill of pan ticulars is. an amplification of" the declaration, (15. John. 222,) and into specify the items, of the. plaintiff’s, claim, not the parties to= the suit. It was sufficient.
The referees erred in refusing to hear the evidence.
*They also erred in rejecting the. witness; Sly.. If be had any interest, it was in favor of- the- defendant. If he had received the money from the company to, pay the plaintiff’s demand, and the plaintiff recovered it of the defendant, the witness would be obliged to, refund-.
The report of referees must bn set aside. ;■ the. costs; to abide- the event.
iyiofion granted