## Koons *against* Miller.

Upon an account current between a wholesale merchant in the city and his customer in the country, upon which partial payments have been made, interest is chargeable from the end of each six months after the sale and delivery.

ERROR to the Common Pleas of *Berks* county. .

Isaac Koons & Co. against Adam Miller.   This was an action founded upon a book account, and the only question was, whether the plaintiff was entitled to recover interest.   The court below thus stated the case and charged the jury :—

BANKS, President.   " The plaintiffs were merchants doing business in Philadelphia, at the times the defendant contracted with them the debt now claimed.   The only question now made is as to the interest on the account.   The account commenced in January 1830, and terminated on the 1st of January 1841.   The account was a current one through this entire length of time. Partial payments were made in each year, at different times. There was at all times a balance in favour of the plaintiffs.   The account was balanced at the end of every six months, and a copy furnished to the defendant.   In the account thus furnished every six months, there was interest charged on the balance against the defendant.   The partial payments always exceeded the interest charged.   The defendant never objected to the charge of interest, during the contiuance of the dealings.   When Mr Smith presented the final account to the defendant for payment, no objection was then made to the charge of interest.   The facts are not disputed : indeed the counsel have not made any question in relation to them. The defendant's counsel has made it a question of law purely, and called upon us to say to you, that interest cannot be recovered.

In the country, a merchant could not thus charge interest against his retail customer.   This is well settled.   But in the city, when a large business is done between a city merchant and one in the country, and it is known that interest is charged, and no objection is made to it, interest may be recovered.   In such a case, it may be conceived a part of their contract, and the prices at which the sales are made, may in some degree be regulated by it.   As the facts have not been controverted by the defendant's counsel, and as he has called upon us to lay down a rule of law on the facts as they have been exhibited on the trial, we charge you, that the plaintiffs are entitled to recover interest on their account, as charged, and claimed."   To this charge the defendant excepted.

[Koons v. Miller.]

*Filbert*, for plaintiff in error, cited 1 *Dall.* 265; 2 *Bay.* 233; 16 *Serg. & Rawle* 257.

*Smith*, for defendant in error.

PER CURIAM.—The practice of the merchants of Philadelphia to charge interest on their accounts after six months, has endured for more than half a century; and it is so universal that their customers deal with them avowedly on the basis of it, so that it necessarily enters into the contract as a part of it.   It is so notorious as to be recognised abroad; as may be seen in *Bispham* v. *Pollock*, (1 *M'Clean's Rep.* 411), in which the Circuit Court of the United States for the district of Indiana, left its existence, as the existence of every foreign law must be left, to the jury.   Its existence is so notorious at home, however, that we are bound to take notice of it as a part of our law.   That it has not sooner been directly recognised by judicial decision, has arisen from the fact that it has not before been thought a subject of dispute; but the principle is as well known and observed in the collection of merchants' debts, as any other custom peculiar to the state.

Judgment affirmed.