GEORGE KOCK *v.* FRANCIS BONITZ.

To constitute an account stated, it is not necessary that there should be mutual or cross demands. They may be all on one side, or consist of charges and the acknowledgment of payment. The simple rendering of the items of an account between the parties, and the striking of a balance, or agreeing upon the amount due, is sufficient; and upon such a state of facts an action on an account stated may be maintained.

Where the plaintiff went over the account in the defendant's presence, and found a certain sum due to the plaintiff, and the result was not objected to by the defendant; *Held*, that this was an account stated.

Where an account is thus stated, it is usually conclusive upon both parties; but

not absolutely so, unless there have been mutual compromises which operate as an estoppel *in pais*, but otherwise it is open to impeachment for fraud or mistake; but the burden of showing fraud or mistake is upon the party impeaching it.

Where parties have adjusted an account, have struck a balance and agreed upon the amount due, courts are exceedingly unwilling to open it again, unless there has been fraud, or it is very clear that there has been a mistake.

Where the pleadings will be conformed to the proof—stated.

APPEAL from a judgment of the Marine Court.

The complaint alleged a sale and delivery by plaintiff to defendant, on divers days between May 8th and August 22d, 1868, of goods for the price of $350 50, and that only $140 thereof had been paid, leaving due $210 50.

The answer set up that defendant had bought goods to the amount of $131 only, and had paid on account $140, being an overpayment of $9, for which he asked judgment.

The case was referred, and the evidence appeared as stated in the opinion. At the close of the trial, the referee allowed the defendant to put in an amended answer, setting up that on August 22d, 1868, the plaintiff and defendant had an accounting and settlement of their business transactions, when the sum of $9 was found due the plaintiff from the defendant, which sum the plaintiff then agreed to take in full satisfaction for all his demands.

That on August 22d, 1868, the plaintiff sold and delivered to the defendant goods amounting to the sum of $169, which was the last goods thus sold and delivered by the plaintiff to the defendant.

That afterwards defendant paid to plaintiff, on account thereof, $190, and that plaintiff was thereby overpaid, by a mistake of defendant, the sum of $12. Demand of judgment accordingly.

The referee found as matters of fact:

I. That in the early part of the year 1868, the plaintiff and defendant had business transactions together, which were settled on August 22d, 1868, at which time there remained due to the plaintiff the sum of $9.

II. That after the said settlement, and on August 22d, 1868, the defendant bought of the plaintiff goods amounting in value

to $199 ; that $160 was paid to the son of the plaintiff; and that the further sum of $90 was paid to the plaintiff in person.

III. That there was due from the plaintiff to the defendant $12, that amount having been overpaid by him to the plaintiff.

He gave judgment accordingly, which was affirmed by the general term of the Marine Court, and plaintiff appealed to this court.

*J. H. & B. T. Watson*, for appellant.

*David Levy*, for respondent.

By the Court.*—Daly, Ch. J.—The defendant testified that on the 22d of August, 1868, the plaintiff went over his account of goods sold to him, the defendant, and of moneys paid by the defendant, and that the *result was* that $9 was coming to the plaintiff. The referee has found that this was a settlement or agreement between the parties of the amount then due, or, in other words, an account stated. It is suggested upon this appeal, that it does not appear from this evidence that the defendant participated or took any part in what then occurred; but I think the fair inference is, that the defendant was testifying to what occurred in his presence. The referee so understood the evidence, and I think he was right in so interpreting it. There is nothing in this testimony to show that the defendant was testifying to what was communicated to him by somebody else; and that the plaintiff also understood him as referring to what occurred in his presence, and in which he took part, may fairly be inferred by the plaintiff's omitting to ask the defendant, who was present; or in showing by his own evidence, for he was examined as a witness, that this accounting was with another person than the defendant. He did not contradict the defendant's statement that this accounting was had on the day stated ; and if it was with another than the defendant, it was an easy matter for the plaintiff to show it.

---

* Present, Daly, Ch. J., Larremore and J. F. Daly, JJ.

It is not necessary in an account stated that there should be mutual or cross demands. They may be all on one side, or consist, as in this case, of charges and the acknowledgment of payment. The simple reading over of the items of an account between the parties, and the striking of a balance, or the agreement upon the amount due, is sufficient (*Jacob* v. *Lindsay*, 1 East, 460; *Styart* v. *Rowland*, 1 Show. R. 215; *Highmore* v. *Primrose*, 5 M. & Selw. 65; *Knowles* v. *Michel*, 13 East, 249). The account of the goods sold and the payments was gone over in this case, and the result arrived at was, the defendant says, that there was $9 due to the plaintiff, showing that the defendant acquiesced and agreed in that as the amount due. Upon this state of facts an action could have been maintained against the defendant for the $9, as upon an account stated (*Hutchinson* v. *The Market Bank of Troy*, 48 Barb. 302; *Longdon* v. *Roane*, 6 Ala. R. 518; *Phillips* v. *Belden*, 2 Edw. Ch. 1; *Murray* v. *Toland*, 3 John. Ch. 569; *Wilds* v. *Jenkins*, 4 Paige, 481).

When an account is thus stated, it is usually conclusive upon both parties, but not absolutely so, unless there has been mutual compromises, which operate as an estoppel *in pais;* but otherwise it is open to impeachment for fraud or mistake, but the affirmation or burden of showing fraud or a mistake is upon the party impeaching it (*Lockwood* v. *Thorne*, 11 N. Y. Rep. 170; *Id.*, 18 N. Y. Rep. 292). When the parties have adjusted an account, have struck a balance, and agreed upon the amount due, courts are exceedingly unwilling to open it again, unless there has been fraud, or it is very clear that there has been a mistake. "No practice," said Chief Justice MARSHALL, in *Chappedelaine* v. *Dechenaux* (4 Cranch, 306), "could be more dangerous than that of opening accounts which the parties have themselves adjusted, on suggestions supported by doubtful, or by only probable testimony."

In the present case, the plaintiff did not deny that the account of goods sold and payments made had been gone over at the time stated, and that the result arrived at was a balance due the plaintiff at the time of $9. He gave no testimony to show how this result was arrived at, or by what mistake in respect to

any particular item or items the error was made. On the contrary, before there was any evidence of the statement of this account, the plaintiff gave evidence of all the goods he had sold and the payments made to him; the testimony of himself and his son being somewhat loose as to dates, and making in all $488 50, against which, he admitted payments to the amount of $140, and then, by what process I am unable to discover, made the balance due, $210 50, which, according to the figures, should be $348 50; and again, he produced a statement from his books, Ex. C., commencing with $9 as the balance of an old account of the date of May 28, 1868, making all together, $359 50, against which he allowed four credits for payments, to the amount of $140, making a balance of $219 50; so that his account, Exhibit C. and his oral statement do not agree. Again, the plaintiff's Exhibit B. shows the balance of old account in May, 1868, to be not $9 but $11, and it may be added, with respect to this balance, that he testified upon his cross-examination that he could not tell all the money the defendant paid during his business transactions with him in 1867. His own version, therefore, of the state of the accounts, before, as I have said, any evidence was given of the stating of an account upon August 22d, 1868, was confused, contradictory and uncertain.

The defendant testified that there was, as appears in plaintiff's Exhibit C., a balance of account in the plaintiff's favor of $9; but not as stated in the exhibit of the date of May 28th, 1868; but as the result of going over the account of sales and payments, August 22d, 1868. As the fact that an accounting was had at this date, August 22d, 1868, was not denied by the plaintiff, the referee, very properly, as I think, took the balance then found to be due, $9, as the true state of indebtedness, as an account stated and adjusted between the parties. There was no conflict as to the goods delivered to the defendant after that date. The plaintiff's oral testimony, his two exhibits, B. and C., and the testimony of the defendant, alike agree in respect to the items and the amount, which was $169, making with the $9, $178. The conflict was in respect to payments. The plaintiff swore that the whole amount paid to him by the

Kock v. Bonitz.

defendant was $140, $40 to himself and $100 to his son ; whilst the defendant swore that he had paid, in different sums, to the son and to the father, $190, being an overpayment of $12, which the referee reported as due to the defendant. Upon this point, the amount paid, the testimony being conflicting, the decision or conclusion of the referee is final, and cannot be reviewed.

The complaint admitted the payment by the defendant of $140, and the answer averred that the goods sold to him by the plaintiff did not amount to more than $131, and that this was paid and overpaid by the $140, to the amount of $9. Under this answer, the defense set up by the defendant was not receivable, and resting as it did solely upon oral testimony, was certainly suspicious after such an answer. But the testimony was allowed to be given upon the trial without objection ; in which case, as a general rule, the court will conform the pleadings to the proof, in furtherance of justice ; and as we possess this power upon appeal, it becomes unimportant to determine whether the referee had any authority or not to allow, as he did, the answer to be amended after the evidence was in. The material part of the defense was the stating of the account, and as that was not controverted by the plaintiff upon the trial, one ground for the suspicion of a fabricated defense was removed. The only remaining one was in respect to the payments ; but as the referee, before whom both the plaintiff and the defendant were examined as witnesses, was satisfied on the point, we should not hesitate to conform the pleadings to the testimony when the evidence was received without objection. Judgment should be affirmed.

Judgment affirmed.