[No. 8798. In Bank. — November 5, 1887.]

# JOHN AUZERAIS, RESPONDENT, *v.* HENRY M. NAGLEE, APPELLANT.

STATED ACCOUNT — ACTION ON — ITEMS OF ORIGINAL ACCOUNT. — A stated account is an agreement between the parties thereto that all the items therein are true. An action on the stated account is based upon the agreement, the consideration for which is the original amount. In such an action, it is not necessary to prove the items of the original account, nor can they be inquired into or surcharged, except for some fraud, error, or mistake, which must be set forth in the pleadings.

ID. — BILL OF PARTICULARS — COPY OF ORIGINAL ACCOUNT NEED NOT BE FURNISHED. — In an action on an account stated, the defendant is not entitled, under section 454 of the Code of Civil Procedure, to be furnished by the plaintiff with a copy of the original accounts upon which the stated account is based.

ID. — FAILURE TO FURNISH ACCOUNT WHEN IMMATERIAL. — Conceding that the defendant in such an action is entitled to be furnished with a copy of the original accounts, the failure of the plaintiff to furnish it is without prejudice to the defendant, if he was already in possession of the original accounts rendered him by the plaintiff, and on notice of the latter produced them in court.

ID. — EVIDENCE TO EXPLAIN AMBIGUITY IN LETTER. — On the trial, the defendant introduced in evidence a letter written him by the plaintiffs subsequent to the date on which the account was alleged to have been stated, as follows: " We would call your attention to your unsettled account, the balance due us being $2,326.35. Please call and settle same," etc. *Held*, that evidence of the writer of the letter was admissible to explain that he used the term "unsettled" in the sense of "unpaid," and the term "settle" in the sense of "pay."

ID. — STATUTE OF LIMITATIONS — OPEN ACCOUNT ALREADY BARRED — VERBAL STATEMENT. — An open account already barred by the statute of limitations cannot be relieved from the bar of the statute by an oral settlement of such account, for the reason that under section 360 of the Code of Civil Procedure, no acknowledgment or promise is sufficient evidence of a new or continuing contract by which to take the case out of

the operation of the statute, unless the same is contained in some writing signed by the party to be charged thereby.

Id. — Statement of Account not Barred. — Where, however, the demand is not barred at the date of the account stated, although the statement is verbal, the statute begins to run upon the new cause of action, thus brought into existence, from the date of the settlement and new promise arising thereunder; and if verbal, an action may, under subdivision 1 of section 339 of the Code of Civil Procedure, be brought within two years after such settlement.

Id. — Acknowledgment by Debtor — Subscription not Necessary. — Under section 360 of the Code of Civil Procedure, the written acknowledgment by the debtor, required to take the debt out of the operation of the statute of limitations, need not be subscribed by him. It is sufficient if it be evident from any part of the written acknowledgment that the debtor named therein has given to it his assent.

Id. — Receipt Written by Debtor — When a Sufficient Acknowledgment. — A receipt indorsed by the debtor on the back of the account, and entirely in his own handwriting, except the subscription of the creditor's name, by the terms of which the creditor acknowledges the receipt from the debtor, whose name is stated therein, of a certain amount in the account, is a sufficient acknowledgment in writing by the debtor to remove the account from the operation of the statute of limitations.

Id. — Interest on Balances — Custom of Merchants — Liability of Debtor. — In this state, when it is shown to be the universal custom of a merchant to charge interest, after thirty days, upon monthly balances due upon open account, and where such account, showing the interest charged up regularly, is received by the debtor and fully understood by him, and afterwards becomes stated, the debtor is bound to pay the balance found due, notwithstanding the interest charged was higher than the legal rate.

Appeal from a judgment of the Superior Court of Santa Clara County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*William Matthews*, for Appellant.

The court erred in denying the defendant's motion for a further copy of the account. (Code Civ. Proc., sec. 454; *Estate of Swain*, 67 Cal. 637; 1 Chitty Pl., 16th Am. ed., 745; Selwyn's Nisi Prius, 7th Am. ed., 70.) The court erred in holding that the cause of action accrued at the date the account was stated, and that therefore the stat-

ute of limitations did not apply to any item after January 31, 1878, two years before the alleged statement. The court also erred in holding that by silence or acquiescence, or concurrence by unwritten words in the correctness of the account, the defendant could become liable to pay larger interest than seven per cent. (*Lockwood* v. *Thorn*, 18 N. Y. 292; *Chace* v. *Trafford*, 116 Mass. 532; 17 Am. Rep. 171; Angell on Limitations, sec. 274; *Young* v. *Hill*, 67 N. Y. 162; 23 Am. Rep. 99; *Trueman* v. *Hurst*, 1 Term Rep. 40; *Adger* v. *Alston*, 15 Wall. 560; 7 Wait's Actions and Defenses, 292; *Bucklin* v. *Chapin*, 1 Lans. 443..)

*D. M. Delmas*, for Respondent.

The court properly refused to order a further bill of particulars. (*Reinhardt* v. *Hines*, 51 Miss. 344; *Ware* v. *Dudley*, 16 Ala. 746; *Bartlett* v. *Emery*, 1 Term Rep. 42; *Chace* v. *Trafford*, 116 Mass. 529; 17 Am. Rep. 171; *Carey* v. *Petroleum Co.*, 33 Cal. 694; *Marye* v. *Strouse*, 6 Saw. 204; *Holmes* v. *D'Camp*, 1 Johns. 34; 3 Am. Dec. 293; *Crane* v. *Crane*, 82 Ind. 462; *Matthews* v. *Hubbard*, 47 N. Y. 428; *Rundlett* v. *Weeber*, 3 Gray, 263.) The witness was properly allowed to explain the meaning of the word "unsettled," in his letter. (*Harnickell* v. *Brown*, 45 N. Y. Sup. Ct. 350; *Jenny Lind Co.* v. *Bower*, 11 Cal. 194; 2 Wharton on Evidence, secs. 939, 955.) The court correctly held in regard to the statute of limitations. (*Adams* v. *Patterson*, 35 Cal. 122; *Norton* v. *Larco*, 30 Cal. 131; 89 Am. Dec. 70.) The receipt written by the defendant was a sufficient acknowledgment to suspend the operation of the statute. (*Barron* v. *Kennedy*, 17 Cal. 574; *Pena* v. *Vance*, 21 Cal. 142; *Fairbanks* v. *Dawson*, 9 Cal. 89.) The acknowledgment was sufficiently signed by the defendant, within the meaning of section 360 of the Code of Civil Procedure. (*Rowe* v. *Thompson*, 15 Abb. Pr. 377; *Holmes* v. *Mackrell*, 3 Com. B., N. S., 789; Brown on Statute of Frauds, secs. 357, 358; *Johnson* v.

*Dodgson,* 2 Mees. & W. 653.)    The defendant was liable for the interest charged in the account as stated.  (*Marye* v. *Strouse,* 6 Saw. 204; *Backus* v. *Minor,* 3 Cal. 231.)

SEARLS, C. J.—The complaint in this cause contains three counts, or causes of action.  One upon an account stated, as of January, 1880, and the others for goods, wares, and merchandise sold and delivered to defendant subsequent to said last-mentioned date.

The action was brought July 29, 1881.

Defendant, in addition to the denials contained in his answer, interposed a plea of the statute of limitations to the first count, claiming the cause of action to be barred by the provision of section 339 of the Code of Civil Procedure (two years).

Plaintiff had a verdict and judgment for $1,531.82, from which, and from an order denying a new trial, defendant appeals.

After service of summons and complaint, the defendant demanded in writing a copy of the account mentioned as sued upon in the first count of the complaint; and in reply to such demand, plaintiff furnished to defendant an account, in which defendant was charged with amount due on stated account January 1, 1880, $2,674.90, to which interest was added, and from which sundry payments were deducted, etc., but without giving in detail the items of the original account going to make up the amount.

Defendant moved the court for a further account, which was refused, upon the ground that in an action on an account stated, no account need be furnished under the law.  To this ruling the defendant excepted, and the action of the court is assigned as error.

The first count or cause of action set out in the complaint, and upon which a copy of the account was demanded, is upon an account stated.

A stated account is an agreement between both par-

ties that all the items are true; but this agreement may be implied from circumstances, as where merchants reside in different places, and one sends an account to the other, who makes no objection to it within a reasonable time. (*Stebbins* v. *Niles*, 25 Miss. 267; 1 Wait's Actions and Defenses, 191–198.)

In such cases, the action is based upon the agreement, which has all the force of a contract. The original account becomes the consideration for the agreement, and it is not necessary to prove the items of such account; nor can they be inquired into or surcharged except for some fraud, error, or mistake, and such grounds must be, according to the weight of authority, set forth in the pleadings. (*Kronenberger* v. *Binz*, 56 Mo. 121; *Threlkeld* v. *Dobbins*, 45 Ga. 144; *Sutphen* v. *Cushman*, 35 Ill. 186; *Huran* v. *Lang*, 11 Tex. 230; *Philips* v. *Belden*, 2 Edw. Ch. 1; *Hawkins* v. *Long*, 74 N. C. 781; *Kock* v. *Bonitz*, 4 Daly, 117; *Slee* v. *Bloom*, 20 Johns. 669.)

The balance found due upon a stated account is principal; it cannot be re-examined (except for fraud or mistake) to ascertain the items or their character. (*McClelland* v. *West*, 70 Pa. St. 183.)

The object of a bill of particulars is to apprise a party of the specific demand of his adversary. (*People* v. *Monroe Common Pleas*, 4 Wend. 200; *Matthews* v. *Hubbard*, 47 N. Y. 428.)

This being true, it is difficult to discern how, upon principle, a defendant is entitled, under section 454 of our Code of Civil Procedure, to a copy of the original account upon which the contract in an action on a stated account is based.

The term "stated account" is but an expression to convey the idea of a contract, having an account for its consideration, and is no more an account than is a promissory note, or other contract, having a like consideration for its support.

The Code of Civil Procedure (section 454), by its

terms, makes it unnecessary for a party declaring upon an account to set forth the items in his pleading, but requires him, on demand, to furnish a copy of the account thus pleaded, under penalty of being precluded from giving evidence thereof, in case of refusal.

In an action on an account stated, it is not necessary to prove the account, or any of its items, but the proof in such a case is directed to the fact that the parties have accounted together, and agreed upon the balance due (*insimul computassent*); and in an action on the original account, it has been held that a plea of an account stated, if supported, will bar a recovery. (*Driggs* v. *Garretson*, 25 N. J. Eq. 178.)

In the language of Wait, in his work on Actions and Defenses (vol. 6, p. 430), an accounting, " when accomplished, does not necessarily exclude all inquiry into the rectitude of the account. The parties may still impeach it for fraud or mistake; but so long as it is not impeached, the agreed statement serves in place of the original account as the foundation of an action. It becomes an original demand, and amounts to an express promise to pay the actual sum stated. The creditor becomes entitled to recover the agreed balance in an action based upon the fact of its acknowledgment by the debtor upon an adjustment of their respective claims."

The penalty for refusing to furnish an account is, that the party refusing to so furnish it shall be precluded from proving it; but it can have no application to a case where, as in an action on an account stated, he is not required to prove the account.

We are therefore of opinion the court below did not err in denying defendant's motion for a further account.

Again, as before stated, the object in requiring an account is to enable the opposite party to make a defense to the cause of action based on such account.

The defendant in this cause, as appears by the record,

was in possession of the original accounts rendered him by the plaintiff, and on notice of the latter, produced them in court.

If, therefore, we concede the court to have been wrong in its ruling, the defendant was not injured thereby, and the judgment should not for that cause be reversed.

It is next urged that the court erred in permitting the witness Pomeroy to explain "what was the meaning of the word ' unsettled,' as used by him in his letter of July 26, 1880."

Defendant, on cross-examination of this witness, had presented him with exhibit " Q," being a letter from plaintiff and his grantor to defendant, as follows:—

"GEN. H. M. NAGLEE: We would call your attention to your unsettled account, the balance due us being $2,326.35.

" Please call and settle same, and oblige.

"Yours very truly,

"AUZERAIS & POMEROY."

" The firm of Auzerais and Pomeroy having been dissolved, we are anxious to have all our accounts settled, and we will be greatly obliged if you give us above.

"E. AUZERAIS, Liq. P."

The testimony was further directed to showing that the unsettled account referred to in the letter was the very account which plaintiff had claimed and testified was settled.

On redirect examination, the witness was permitted to explain that he used the term " unsettled " in the sense of " unpaid," and the term " settle " in the sense of " pay."

Bouvier defines the word "settle," " to adjust or ascertain; to pay.   Two contracting parties are said to settle an account when they ascertain what is justly due by one to the other; when one pays the balance or debt due by him he is said to settle such debt or balance "; citing 11 Ala., N. S., 419.

We think there can be little doubt but that the term "settle" has a double meaning, and is used alike to denote an adjustment of a demand and a payment.

This being so, it was proper for the author of the letter containing the declaration to explain in which of the two senses he used the expression. In other words, there was an ambiguity upon the face of the instrument which it was competent not to contradict, but to explain. (*Chicago* v. *Sheldon*, 9 Wall. 50; *Atlantic R. R. Co.* v. *Bank*, 19 Wall. 548; *Jenny Lind Co.* v. *Bower*, 11 Cal. 194; *Harnickell* v. *Brown*, 45 N. Y. Sup. Ct. 350; 2 Wharton on Evidence, secs. 954, 955.)

There is in this view nothing in conflict with the provisions of sections 1858, 1859, and 1861 of the Code of Civil Procedure.

It is further urged that the court erred in holding that the cause of action accrued at the date the account was stated between the parties (if in fact stated), and that therefore the statute did not apply to any item after January 31, 1878, two years before the alleged statement, and that the court also erred in holding that by silence or acquiescence, or concurrence by unwritten words in the correctness of the account, the defendant could become liable to pay larger interest than seven per cent per annum.

An open account already barred by the statute of limitations cannot be relieved from the bar of such statute by an oral statement of such account, for the reason that under our code (Code Civ. Proc., sec. 360) no acknowledgment or promise is sufficient evidence of a new or continuing contract by which to take the case out of the operation of the statute, unless the same is contained in some writing signed by the party to be charged thereby.

Where, however, the demand is not barred at the date of the account stated, although the statement is verbal, the statute begins to run upon the new cause of action

thus brought into existence from the date of the settlement and new promise arising thereunder; and if verbal, an action may, under subdivision 1 of section 339 of the Code of Civil Procedure, be brought within two years ofter such settlement.

In the language of Angell (Angell on Limitations, sec. 150), "for the moment it becomes a *stated* account, it is at an end; and the balance, which is ascertained and admitted to be due from one party to the other, is immediately subjected to the operation of the statute as an original and separate demand; . . . . when the parties have stated, liquidated, and adjusted their accounts, and thus ascertained the balance, it ceases to be an account, and has lost the peculiar attributes of an account. What was before an implied promise to pay what was reasonable, by such liquidation and stating of account, at once becomes an express promise to pay a sum certain." (*McLellan* v. *Crofton*, 6 Me. 337.)

The statute begins to run in cases of adjustment when the adjustment is made. (*Ex parte Storer*, 1 Daveis, 294; *Higgs* v. *Warner*, 14 Ark. 192; *Brackenridge* v. *Baltzell*, 1 Ind. 333.)

So, too, the balance of an old account, when found and assented to, may become the first item in a new account. It was said by Chief Justice North, in *Farrington* v. *Lee*, 1 Mod. 270: "If, after an account stated, upon the balance of it a sum appear due to either of the parties, which sum is not paid, but is afterward thrown into a new account, it is now *slipped out* of the statute again." (*Union Bank* v. *Knapp*, 3 Pick. 96; 15 Am. Dec. 181; Angell on Limitations, sec. 151; *Clarke* v. *Jenkins*, 3 Rich. Eq. 318.)

There was also evidence showing that on the eighth day of December, 1880, the defendant paid to plaintiff upon the account rendered him the sum of one thousand dollars, which is evidenced by a receipt on the back of the account in the handwriting of defendant (except the signature thereto), as follows: —

" Received December 8, 1880, of Henry M. Naglee, one thousand dollars on account of the within.

"E. AUZERAIS, Liquidating Partner."

Respondent contends that this part payment, evidenced by a writing in which the name of Naglee appears under his own hand, is a sufficient signing under the statute (Code Civ. Proc., sec. 360) to suspend its operation; and in support of his contention cites *Barron* v. *Kennedy,* 17 Cal. 574; *Pena* v. *Vance,* 21 Cal. 142; *Fairbanks* v. *Dawson,* 9 Cal. 80; *Rowe* v. *Thompson,* 15 Abb. Pr. 377; *Holmes* v. *Mackrell,* 3 Com. B., N. S., 789; *Johnson* v. *Dodgson,* 2 Mees. & W. 653.

The part payment was evidenced by a writing. It was in the handwriting of defendant. His signature was contained therein.

The statute does not require the party to *subscribe* his name, and it is sufficient if it be evident from any part of the instrument of acknowledgment that the debtor named in it has given to it his assent, and as was said in *Rowe* v. *Thompson, supra:* "As the legal definition of the word 'signed' is the act whereby a person gives or declares assent by name, sign, or mark, it follows that it is enough if it appears in the body or upon the margin, or elsewhere of the instrument, that such assent has been given. If the attestation appears anywhere upon the face of the writing, it is sufficient, and the party thus attesting is bound as effectually as if he had subscribed his name at the foot."

*Johnson* v. *Dodgson, supra,* was a case under the statute of frauds, in which the latter, it appeared, had made out a memorandum in his own handwriting, and required it to be signed by the vendor, as follows:—

"LEEDS, October 19, 1836.

" Sold John Dodgson,—

" 27 pockets Playsted (hops), 1836, Sussex, at 103*s.*, etc.

" Signed for Johnston, Johnston & Co.,

" D. MOORE."

This was held sufficient to charge Dodgson, as the body of it was in his handwriting, and contained his name.

Upon the same principle, we may say here, the body of the instrument showing a part payment is in the handwriting of defendant, who is the party charged, and contains his name.

We think the evidence was sufficient to bind defendant. Next, could the defendant become liable under the evidence, upon a stated account, for a rate of interest in excess of legal interest?

It appears from the record that interest at the rate of one per cent per month was charged, and is included in the stated account.

There was also a question as to a further sum charged as compound interest, but which was deducted by plaintiff upon protest of defendant, and that question is not necessarily involved.

In *Marye* v. *Strouse,* 6 Saw. 205, a case in most respects similar to this, Hillyer, J., held that where a statute like our own, which does no more than prohibit a recovery of interest beyond the legal rate, when the contract is not in writing, but does not otherwise make the rate of interest unlawful, interest in excess of that rate may be included in an account stated and recovered.

The case proceeds upon the theory that the interest as charged, being known and assented to by the debtor, and not being in violation of any positive law, affords a sufficient consideration for the new promise involved in an account stated.

The custom of merchants in Pittsburg and Philadelphia to charge interest on their accounts after six months is judicially noticed in the Pennsylvania courts. (*Koons* v. *Miller,* 3 Watts & S. 271; *Watt* v. *Hoch,* 25 Pa. St. 411; *Adams* v. *Palmer,* 30 Pa. St. 346.)

And evidence of usage has rendered charges for interest under such circumstances recoverable at law. (*Rens-*

*selaer Glass Factory* v. *Reid*, 5 Cow. 611; *Knox* v. *Jones*, 2 Dall. 193.)

In *Raymond* v. *Isham*, 8 Vt. 263, it was said: " From the practice which has generally obtained in this state [Vermont], from the known usage and custom of Mr. Raymond [the creditor], as well as other merchants, to cast interest on their accounts after six months, we think there was an implied contract on the part of Dr. Isham to pay interest after the usual time of credit."

In *McAlister* v. *Reab*, 4 Wend. 483, the court said: " We do not think the charge of interest on any part of the account objectionable. The plaintiff proved that the defendant was one of his customers, and that he always charged interest on his accounts after ninety days."

The uniform custom of a merchant or manufacturer is presumed to be known to those who are in the habit of dealing with him, and in their dealings are supposed to act with reference to that custom. (*Meech* v. *Smith*, 7 Wend. 315; *Reab* v. *McAlister*, 8 Wend. 109; *Backus* v. *Minor*, 3 Cal. 231.)

Where a banker and his customer have carried on their business for a series of years in a particular way, it will be assumed there is an agreement to that effect, and the principle involved will be held binding in any subsequent disagreement between them. (*Mosse* v. *Salt*, 32 Beav. 269; *Clancarty* v. *Latouche*, 1 Ball & B. 420.)

These were cases in which only legal interest was charged, but it was allowed upon unliquidated demands where, but for the custom or pursuant to an agreement, no interest could have been recovered.

The deduction is, that, there being no positive law to the contrary, the payment of interest may be the subject of contract, express or implied, in cases where but for such contract no interest could be recovered.

In this state we are of opinion that when, as in the present case, it is shown to be the universal custom of

a merchant to charge interest after thirty days upon monthly balances due upon open account, and where such account showing the interest charged up regularly is received by the debtor and fully understood by him, and where such account becomes stated, either by the prolonged failure of the debtor to object thereto or by a settlement and adjustment thereof between the parties, a new contract arises between such parties, and the debtor is bound to pay the balance found due, and no inquiry is permissible as to the items beyond the defense of the statute of limitations, and that of fraud, error, or mistake.

There is no plea of fraud, error, or mistake, and no showing in support of such plea had it been interposed.

It follows from these views that the instructions given were correct.

The testimony upon the question of an accounting was conflicting, and the verdict of the jury is conclusive in this court.

We are of opinion the judgment and order appealed from should be affirmed.

McFARLAND, J., and SHARPSTEIN, J., concurred.

PATERSON, J., concurring. — I concur. If it be conceded that it was error to permit the witness Pomeroy to explain the meaning of the word "unsettled," still it was harmless. The letter itself shows clearly that the word was used in the sense stated by the witness. The item of interest, like any other item included in the account as stated, could be attacked only upon an allegation showing fraud, error, or mistake.

TEMPLE, J., dissenting. — I dissent. Under our statute, a custom which would prove an agreement to pay more than legal interest is against law. I also think that assent to an account stated does not take the account from the operation of the statute of limitations.

The cases which hold that the account stated is a new promise, and the statute begins to run from that time, have no force here, where the acknowledgment must be in writing.

THORNTON, J., dissenting. — I dissent. The motion of the defendant for a further and more particular copy of the account sued on was denied by the court below, "on the ground that in an action on an account stated no account need be furnished under the law."

The statute on this subject is section 454, Code of Civil Procedure: —

" It is not necessary for a party to set forth in a pleading the items of an account therein alleged, but he must deliver to the adverse party, within five days after a demand thereof in writing, a copy of the account, or be precluded from giving evidence thereof. The court or judge thereof may order a further account when the one delivered is too general, or is defective in any particular."

The bill of items or particulars furnished on the action was of the most general character, and the defendant followed the usual practice in moving for one more particular. (*Providence T. Co.* v. *Prader*, 32 Cal. 638; 91 Am. Dec. 598.)

The account furnished was not a copy of the account sued on as an account stated, but something entirely different.

The question to be determined is whether, in an action on an account stated, a defendant is entitled to a bill of particulars, or, as it is sometimes styled, a bill of items. Certainly the demand of defendant comes within the statute, for an account is alleged in the first count of the complaint. I cannot see that it makes any difference as to the right to make the demand that the pleader counts on an account stated, unless it is held that an *account stated* is not an *account*, and I cannot perceive that it can be so held.

In New York, where the statute is the same as regards this point as that of this state (N. Y. Code Proc., sec. 158), it was held by the superior court of New York that the account alleged in a pleading, the refusal to deliver a copy of which by the party alleging it precludes him from giving evidence of it under the Code of Procedure (section 158), is some written instrument existing before the commencement of the action, evidence of the existence and contents of which is material to the party alleging it; in other words, an account claimed to have been rendered and acquiesced in,—that is, an account stated. (*Johnson* v. *Mallory*, 2 Robt. 681, in which cause the point is directly decided. See also *Barkley* v. *R. & S. R. R. Co.*, 27 Hun, 516.) In the last case cited the court said: "In ordinary language, the word 'account' is applied to almost any claim or contract which consists of several items. And there is no necessity for giving any limited meaning to the word as it is used in section 531, Code of Civil Procedure." (For section 531, see Bliss's N. Y. Ann. Code, p. 396. Section 531 seems to have been enacted in place of section 158, above mentioned, of the New York code.)

In *Brown* v. *Calvert*, 4 Dana, 220, which was an action of *assumpsit*, the declaration containing only the general counts (of which it may be said a count upon an account stated is one), the court said: "Whenever the form of the declaration is so general as not to apprise the defendant of the nature, character, and extent of the claim set up against him, he may demand a bill of particulars. Such a bill is not only proper, by way of limiting the plaintiff in his proof, to the specific demands claimed by him, but is essential to enable the defendant to prepare fully for his defense, and to guard him against surprise. The right is not only sanctioned by authority, but by reason and propriety."

In *Johnson* v. *Mallory*, *supra*, it is said that the provision of the statute above referred to " can only be con-

strued to be intended to point out the mode of pleading an account, as well as to ascertain what account was intended.    (2 Robt. 683.)

In *Smith* v. *Hicks*, 5 Wend. 51, it is held that a bill of particulars is sufficiently definite if it apprise the other side of the evidence that is to be offered, so that he cannot mistake as to his preparation to resist the claim.

The office of a bill of particulars is to apprise a party of the specific demands of the adverse party when the pleadings are general, and leave uncertain what is particularly demanded, either in the complaint or answer. (*People* v. *Monroe Common Pleas*, 4 Wend. 200; *Drake* v. *Thayer*, 5 Robt. 694.)

The bill of particulars is considered and construed as an amplification of the pleading to which it relates, and in that sense forming a part of it.    (*Bowman* v. *Earle*, 3 Duer, 691; *Chrysler* v. *James*, 1 Hill, 214; *Brown* v. *Williams*, 4 Wend. 360, 368; *Starkweather* v. *Kittle*, 17 Wend. 20; *Gay* v. *Cary*, 9 Cow. 44; *Ryckman* v. *Haight*, 15 Johns. 222.)

The above cases show that the defendant is entitled to a bill of particulars, when the complaint is general, to enable him to prepare to resist the claim on which he is sued.    It should be furnished to enable the defendant to prepare his defense, and if defendant must by his answer attack the items of the account, or any of them, for fraud, error, or mistake, in order to be heard in regard to them (and such seems to be the law in this state when the pleadings are verified: see *Terry* v. *Sickles*, 13 Cal. 427), then certainly he ought to have a bill delivered to him to enable him to prepare his answer assailing the items on the grounds mentioned.

As to the generality of the complaint, I cannot conceive a count more general than one setting up an account stated.

As to alleging an account in a complaint, the count on an account stated is the only one of the common

counts, whether in debt or *assumpsit*, in which an account is mentioned. (See, for the common counts referred to, 2 Chitty's Pleading, 37–114, 385–387.) I have examined the forms of these counts as given by Chitty, and do not find any other count than one on the account stated, in which an account is ever alleged.

In the *Regulæ Generales* of Trinity term (1831), it is provided that a bill of particulars shall be delivered by the plaintiff with every declaration containing counts in *indebitatus assumpsit*, or debt on simple contract. (See appendix to 1 Chitty's Pleading, 726, 727.)

It is highly probable that the sections (158 and 531) of the New York Code of Procedure, and the section 454 of the Code of Civil Procedure in this state, were framed in view of this rule of Trinity term, following what had always been the practice.

The above authorities establish, in my judgment, the true construction of the statute (Civ. Code Proc., sec. 454) in force in this state. They show that when the complaint counts on an account stated, the defendant is entitled as a matter of right on demand to have furnished him a copy of the account or bill of items or particulars. They show that he is so entitled, to enable him, first, to ascertain the account on which he is sued. (*Johnson* v. *Mallory*, 2 Robt. 683); second, to prepare his defense to the claim on which the action is brought against him; third, to frame his answer so as to attack the items of it which he desires to assail for fraud, error, or mistake, and thus be enabled to offer evidence in regard to such items. The statute was framed to promote justice between and to secure a full and fair hearing to litigants, and in construing it the rule established by the code should be followed and regarded. This rule will be found in section 4 of the Code of Civil Procedure, and is in these words: "The code establishes the law of this state respecting all the subjects to which it relates, and its provisions and all proceedings under it are to be

liberally construed with a view to effect its objects and to promote justice."

The construction of section 454 adopted in the prevailing opinion, in my judgment, is narrow and illiberal, defeats the object of the code provision, and must result in failure to promote justice. This is said with the highest respect for the judgment of the justices who concur in it.

I think the motion of the defendant for another and further copy of the account sued on and alleged in the first count of the complaint should have been granted, and the court erred in denying it.

In the prevailing opinion, an account stated seems to be regarded as a contract, and therefore a defendant is not entitled to a copy of it when an action is brought on it. We know of no rule of law which holds that an account stated is a contract. It is only evidence of a contract,— a contract, too, implied by law. Independent of an express promise to pay the balance ascertained by it, it can be nothing more than evidence of a contract which the law implies from circumstances.

It is also said in the prevailing opinion that "the penalty for refusing to furnish an account is, that the party refusing to so furnish it shall be precluded from proving it, but it can have no application to a case where, as in an action on an account stated, he is not required to prove the account."

The plaintiff is required to prove any account on which he sues when the answer of defendant puts its existence in issue. This is true of an account stated as well as any other. And in this case the defendant denied that any account was ever stated, and the plaintiff, in opening his cause, was very careful to prove it. The account furnished is not the account to be proved. The account alleged in the pleading is the one of which proof must be made. And section 454 precludes a party failing to deliver a copy of the account. not from proving the ac-

count which he is to deliver, but from giving evidence of the account alleged in the pleadings. As here, an account stated is alleged, and it is that account he is precluded by conduct "from giving evidence thereof." He is not allowed to give any evidence showing that the account counted on was ever stated, or even had an existence; in other words, as regards such account, he must go out of court, — be nonsuited.

But it is said that there should be no reversal, because the defendant suffered no injury from the denial of his motion, as he had in his possession and produced on the trial the accounts which had been rendered to him. But this production occurred some time after his motion was denied. The court, when it denied the motion, had no knowledge that any account had been rendered. The defendant was then told that as the complaint was on an account stated, the law gave him no right to have a copy of any account furnished to him. The court below seems to have taken it for granted that the mere allegation in the complaint that an account had been stated between the parties must be taken as true, and that, under such circumstances, the defendant had no right to the relief asked for, whether an account had been rendered or stated, or not.

The record shows that defendant's motion was denied on the 30th of September, 1881, and the accounts referred to were produced on a trial which commenced on the 19th of December following, eighty days after the denial of the motion.

If the defendant had lost or mislaid the account which seems to have been rendered more than a year before suit brought, and he had to assail particular items of the account in his answer, it would have been a hard case upon him to have to plead without having the account to show to his counsel, that he might by answer attack any items objected to.

But in fact, as shown above, the defendant had a

right to ascertain on what account he was sued, so as to make preparation by pleading and procuring his proof to resist the claim in suit.    He had a right to have the account, even if he had it in his possession when making the demand under the statute, identified as the account which he had to meet, so that he might not be put to conjecture what account he had to answer to and furnish evidence against.    If the plaintiff had, in reply to his demand, stated in writing that the account alleged in the complaint referred to the account rendered him at such a date (specifying it), I think it would have been sufficient, unless the defendant had destroyed or lost or mislaid the account rendered.    In such case of destruction or loss or mislaying, the defendant ought, on motion. to have had allowed him a copy of the account sued on.

But the record furnishes conclusive evidence that the defendant was injured by this ruling.

The defendant offered evidence to impeach the correctness of certain items claimed to be in the account sued on as an account stated.    The items mentioned were items of interest, and an account of Naglee and Mills charged to defendant against his objection.    The same evidence was also offered to show that certain items sued for were barred by the statute of limitations.

To this offer plaintiff objected, upon the ground that the defendant had only denied that the account had been · stated, and had not attacked the statement for fraud or mistake, and that the testimony was not admissible under the pleadings.

The court admitted the evidence as to the defense of the statute of limitations only, and excluded it for all other purposes, thus sustaining the objection of plaintiff with the exception as above stated.

That the defendant suffered injury we think is clear. He was deprived of the means which the law afforded him of ascertaining what account he was sued on, so

that he might in his answer have assailed the items he intended to impeach; and when afterward he comes to offer his impeaching evidence, he is told that his answer is defective in not attacking such items, and his evidence must therefore be excluded.

We have no doubt that the court erred to the injury of defendant in denying his motion for the account. And further, that having denied this motion, when the defendant offered evidence to impeach items of the account for error or mistake, the court erred in excluding the evidence. No principle of law authorizes a court to deny to a defendant the means of properly setting forth his defense in his answer, and when he afterward endeavors to make such defense, to deprive him of it, and reject it because he has not properly set it forth.

I concur with what is said by Justice Temple, that under our statute a custom which would prove an agreement to pay more than legal interest is against law. I also agree with him that an assent to an account stated does not, under the statute of limitations of this state, take the account from the operation of the statute. The very point, in my opinion, has been adjudged in *Weatherwax* v. *Consumnes V. M. Co.*, 17 Cal. 345. (See Wood on Limitations, sec. 280.)

Nor do I think that the writing relied on, viz., "Received December 8, 1880, of Henry M. Naglee, one thousand dollars on account of the within," was an acknowledgment *signed* by the defendant, as required by the statute. It could not be held to be signed by defendant, for the reason that he did not intend to sign anything. Where, in an olographic will, commencing with the pronoun I, and followed by the testator's name, such name has been held a signing of the will, it was so held, because the court was satisfied that it was so intended by the writer. If anything appears on the face of the writing showing that the testator did not intend his name so written to be his signature, it would not be so held.

Here there is nothing showing that the defendant intended his name to be a signature to anything. He never could have supposed that he was signing an acknowledgment of a debt.

In fact, in writing the above words, he was doing what he had a right to demand the party to whom he paid the money should do, viz., to furnish him with a written receipt for the money.

For the foregoing reasons, I am of opinion that the judgment and order should be reversed.

Rehearing denied.