JOSÉ SANTIAGO, Plaintiff and Appellee, *v.* JOSÉ CUEVAS PADILLA, Defendant and Appellant.

No. 4740. Argued June 2, 1930.—Decided June 4, 1930.
Second rehearing denied August 2, 1930.

116

*Besosa & Besosa* for appellant.   *Adrián Agosto* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This action was originally filed in the Municipal Court of San Juan. In its pertinent part the complaint reads as follows:

"II.—That between March, 1919, and July 18, 1925, the defendant bought groceries and merchandise on divers occasions from the plaintiff in his establishment located in Santurce, and thereby maintained with the plaintiff an open account, which after several partial payments, showed a balance, on July 18, 1925, in favor of the plaintiff amounting to $341.62, which the defendant still owes to the plaintiff.

"III.—That the said balance is due and was struck in agreement with the defendant, who has not paid the same, nor any part thereof, to the plaintiff, notwithstanding the repeated demands made upon the defendant therefor."

The defendant demurred to the complaint and demanded from the plaintiff an itemized and specific copy of the account

on which his claim was based. The plaintiff refused to furnish this bill of particulars. The case went to trial. The municipal court did not permit the plaintiff to give evidence of the account, and rendered judgment in his favor, but only for the amount of $25.35.

Thereupon the plaintiff took an appeal to the District Court of San Juan, which set the case for trial *de novo* January 16, 1928. Three days before that date, the plaintiff moved that the defendant be summoned to appear and bring with him the document showing the liquidation of the open account of the defendant with the plaintiff, which is as follows:

"Order No. . . . July 12, 1925. Mr. José Santiago. Shipment to Mr. José Cuevas Padilla, Via. . . . Date . . . Terms . . . Value.—50 rice, $5.00—16 potatoes, .64—4 lard, 3.40—15 soap, .45—1 s/o sugar, 2.25—1 v. vinegar, .10—coffee, 2.50—table salt, .12—1 ham, 2.50—3 salt pork, .60—kerosene, 2.50—cigarettes, 1.00—2 lbs. chick peas, .28—2 pepper, .30—3 olives, .45—4 codfish, .60—6 matches, .10—sauce, .48—1.63—13.72—25.35—316.27—$341.62."

When the case was called for trial, the following incident occurred:

"Defendant:—We want to call the attention of the court to the fact that we have received an order of the court in the form a subpoena duces tecum, requesting this party to produce the original of a document which does not exist, which we have never received, and that this motion asking for the production of said document has been made with the intention of evading the effect of section 124 of the Civil Code (*sic*). We announce that we do not comply with the order because we do not have such document.—Plaintiff:—We do not seek to evade the effect of section 124.—This motion was filed in the municipal court, first section, and it has been reproduced here. I ask that the matter be stricken out as out of order. When the time comes for it, let the defendant submit it.—Judge:—Let proof be submitted that the thing asked was not done."

Thereupon the plaintiff took the stand in his own behalf. He testified at length and in detail. He said in short that the defendant bought goods regularly in his establishment in Santurce; that the last order was placed on July 18, 1925;

that on the same day the defendant took the order in person and asked for a statement of the account and that he personally gave it to the defendant, who manifested his assent to the balance, amounting to $341.62; that several times the defendant promised to pay to him that balance but never kept his promise.

When the document showing the balance due was offered in evidence, the defendant objected and not only invoked section 124 of the Code of Civil Procedure, but also section 1247 of the Civil Code and section 51 of the Code of Commerce. The court ruled on this point adversely to the defendant and admitted the document.

The second witness to take the stand was Benigno Santiago, a nephew of the defendant and employed by him in his establishment. His testimony was also lengthy and detailed and corroborated in every respect the testimony of the plaintiff.

Gabriel Torres next testified and stated that he had called several times on the defendant to collect the account which, according to the bill, amounted to $341 and cents, but that the defendant did not pay it, telling him that he would call later on at the store.

At the conclusion of plaintiff's evidence the defendant moved for a nonsuit, which was denied by the court.

The defendant then testified in his own behalf. He admitted that for a long time he had been buying groceries at the defendant's establishment, but denied that he owed him—and much less that he had acknowledged—the balance shown in the account introduced by the plaintiff. He further stated that he had discontinued buying from the plaintiff because the latter's establishment had burned and the goods sent afterwards to him by the plaintiff were not of the best quality. His testimony constituted all his evidence.

Thereupon the plaintiff testified in rebuttal. He insisted in his previous testimony and stated that the defendant had continued buying in his establishment for several months

after the fire. Accordingly he offered several orders from the defendant, which were admitted in evidence over the latter's objection.

Based on the above evidence, the district judge found against the defendant, who was adjudged to pay to the plaintiff the sum of $341.62, with interest thereon from the filing of the complaint and costs, but excluding attorney's fees. In his statement of the case and opinion the judge expressed himself as follows:

"It appears from the evidence that between the plaintiff and the defendant an open account had been maintained for goods furnished by the former to the latter; that on July 18, 1925, the defendant José Cuevas Padilla took in person to the establishment of the plaintiff José Santiago an order for groceries amounting to $25.35 and asked for a liquidation of his account; that this order was filled for the said amount and the account liquidated, using for this purpose a notebook which the plaintiff kept, because the other books where the operations were recorded had been destroyed by the fire that had occurred in his establishment on December 9, 1924; that the liquidation showed a balance of $341.62, which the defendant found correct and promised to pay in a few days; that at the time the said liquidation was made the same was entered on a notebook, which was introduced in evidence, kept by the plaintiff in his establishment and containing an original and two carbon copies of each transaction, one of which copies in yellow paper was delivered to the defendant; that the latter has failed to pay the balance due notwithstanding payment has been demanded of him, and that on February 10, 1926, when the complaint herein was filed and an attachment had been levied on certain properties of the defendant, he called on the plaintiff and offered to pay him $200 in full settlement of the account, but the plaintiff refused this offer.

"That the defendant owes the plaintiff, for groceries and merchandise sold, the amount claimed, has been shown to the satisfaction of the court, by a preponderance of the evidence; but the defendant argues, as a matter of law and as his only contention, that the plaintiff having failed to furnish him with a statement of the account requested, the complaint can not prosper, in accordance with section 108 of the Law of Evidence, as the plaintiff has not proved his case.

"There is involved in the present action the collection of a balance from an open account which was liquidated and found correct by the

defendant, that is, there was an agreement to, and acceptance of, the account by the interested parties, and this constitutes as between them a binding contract under section 1245 of the Civil Code. See Blanco, López & Co. v. Torres, 25 P.R.R. 651. That being so, the plaintiff was not obliged to prove the several items of the account, and as he had only to show that the defendant had acknowledged the correctness of the balance of the liquidated account and had agreed to its payment, which facts have been established by the evidence herein, the obligation to make payment arose and the failure of the plaintiff to furnish the defendant with an itemized statement of the current account, which failure seems to be due to the fact that his account books were destroyed by the fire, is no obstacle to the entry of a judgment in his favor. Sanabria v. Rosa et al., 32 P.R.R. 537; Auzerais v. Naglee, 74 Cal. 60.''

Thereupon the defendant took an appeal to this court and has assigned three errors in his brief. He contends in the first that, as the plaintiff had failed to furnish him with the bill of particulars timely demanded of him, he was precluded from giving evidence of the account sued on.

Section 124 of the Code of Civil Procedure is as follows:

''Sec. 124. It is not necessary for a party to set forth in pleadings the items of an account therein alleged but he must deliver to the adverse party, within ten days after a demand thereof in writing, a copy of the account, or be precluded from giving evidence thereof. The court or judge thereof may order a further account than the one delivered if it is too general, or is defective in any particular.''

If the plaintiff's claim had been based on a current account the appellant would be quite right, but the claim here was based upon a *balance due, liquidated and found correct by the defendant.*

That being so, it must be admitted that it was a case of what in American law is known as ''an account stated'', defined as—

''An account which has been rendered by one to another, containing the balance which is alleged to be due, which balance is assented to or admitted to be a correct account of the debt it represents.'' 1 R.C.L. 207.

And if such was the case, it was unnecessary to prove the items of the account, because a new cause of action arose from the agreement. As stated in Ruling Case Law, summing up the jurisprudence:

"A new and independent cause of action arises from the agreement, and therefore a legal obligation is established irrespective of the items or constituents of the previous ground of liability. The balance stated is a liquidated debt, as binding as if evidenced by a note, bill or bond." 1 R.C.L. 212.

This court long ago, in *Paniagua* v. *Sobrinos de Ezquiaga*, 14 P.R.R. 776, 795, speaking through Justice Hernández, said:

"This court being of the opinion, as it is, that the agreement between Paniagua and Sobrinos de Ezquiaga does not entail a real contract of partnership, but an obligation on the part of the latter to furnish the former the pecuniary assistance necessary for the construction of the works contracted for, which obligation was more than complied with by Sobrinos de Ezquiaga, a logical and legal consequence is that Paniagua should pay Sobrinos de Ezquiaga the sum owed which he is adjudged to pay in the judgment, a sum which is lower, as has been said, than that which he really owed them.

"The Supreme Court of Spain in construing article 1278 of the Civil Code there in force, which is the equivalent of section 1245 of our Code, said in its opinion of July 8, 1904:

" 'The acceptance and approval of an account by the person interested, constitutes between them a juridical tie which is sanctioned by article 1278 of the Civil Code, a clause to the effect that the account is approved save error or omission not being an obstacle thereto nor does it affect the efficiency of the resulting action; because in this case such reservation does not have the importance alleged by the appellant, as this would be equivalent to an annulment of the agreement, but its only and exclusive purpose is to correct the possible errors which may be committed in any account, in so far as they do not affect items or losses expressly referred to.'

"Paniagua has acknowledged the balances of the accounts claimed, he has not made any allegations in opposition thereto nor has he shown that any error or omission has been made in the accounts, and he is therefore obliged to pay such balance."

The second error assigned by the appellant is that the

court "based its judgment on the fact of an offer of compromise made by the plaintiff to the defendant."

The court did not err as alleged, since no justifiable reason appears for the assertion that the court based its judgment on the offer of compromise. It is true that the court mentions the said fact in its opinion. It is also true that perhaps such fact influenced the court in making a decision; but the court gave the judgment rendered, because it believed the testimony of the plaintiff and of his clerk, and concluded that the plaintiff and the defendant had come to an agreement, the latter acknowledging the balance in favor of the plaintiff. Had it been otherwise, if the trial judge had considered the offer of compromise and based its judgment thereon, a reversal would lie on that ground.

It was the third and last error assigned which led this court to reverse the judgment rendered by the district court, as it was of the opinion that, in the absence of any written evidence of the compromise, it could not be held that the plaintiff had proved his case, in view of the following provisions of section 51 of the Code of Commerce: "Commercial contracts shall be valid and serve as the basis of an obligation and cause of action in suits, whatever may be the form or in whatever foreign language they may be executed, the class to which they correspond, and the amount involved, provided their existence is proven by some of the means established by the civil law. However, the testimony of witnesses shall not in itself be sufficient to prove the existence of a contract wherein the amount involved exceeds 1,500 pesetas if no other evidence is adduced in support thereof." These provisions were specifically invoked by the defendant and have been construed and applied by this court, among other cases, in *Loíza Sugar Co.* v. *Baquero & Co.,* 29 P.R.R. 803; *A. Gelabert & Co.* v. *Hernández,* 31 P.R.R. 789, and *Freiría & Co.* v. *Cortés Bros. & Co.,* 32 P.R.R. 117.

The plaintiff moved for a reconsideration of the judgment thus rendered by us on the ground that section 51 was not

applicable to the present case because the compromise between the plaintiff and the defendant was not of a mercantile character.

A rehearing of the appeal was granted, and both parties had an opportunity to, and did, argue the case orally, and in addition submitted further briefs.

Upon a fuller consideration of the question, we conclude that the plaintiff is right. The debt claimed by the plaintiff arose from purchases made by the defendant in the establishment of the plaintiff of goods destined for the consumption of the defendant, and section 326 of the Code of Commerce reads as follows:

"Art. 326. The following can not be considered commercial:

"1. The purchase of goods destined for the consumption of the purchaser or of the person for whom they are bought.

"2. Sales made by owners and by farmers or cattlemen of the fruits or products of their crops or cattle, or of the goods in which their rents are paid them.

"3. Sales made by artisans in their workshops of the articles constructed or manufactured by them.

"4. The resale made by any person who is not a merchant, of the remainder of the stock laid in for his own consumption."

That being so, and as the legal presumption arising has not been overcome in any way, the entire reasoning on which this court based its reversal of the judgment must fall. The testimony offered was admissible and, so considered, there is no doubt as to its sufficiency, since the district court adjusted the conflict in the evidence in favor of the plaintiff and there is no showing of passion, prejudice or partiality on its part in so doing.

At the new hearing the appellant insisted that in case section 51 was not applicable, application could always be made of section 1247 of the Civil Code, under which written evidence would also be required as the sum involved exceeded $300. The latter section has been construed by this court as not precluding the testimony of witnesses when the parties

124

to the contract are the ones concerned, as happens in the instant case. See *De la Torre & Ramírez* v. *Navajas*, 34 P. R.R. 422, and *Mas* v. *Llona*, 31 P.R.R. 28.

By reason of all the foregoing, the judgment appealed from must be affirmed.

### ON SECOND REHEARING

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The defendant moves for a reconsideration of the judgment rendered by us in this case on the 4th of last June, on two grounds, namely, (1) because at the end of page 3 of the opinion it is said: "The second witness to take the stand was Benigno Santiago, a nephew of the defendant and employed by him in his establishment," whereas it appears from the transcript that the witness was a nephew of the plaintiff and not of the defendant, and (2) because section 1247 of the Civil Code was not properly applied.

Really, witness Benigno Santiago was not the nephew of the defendant, but of the plaintiff. However, such a clerical error, which must be understood as corrected hereby, can not serve as ground for the reconsideration of said judgment.

As regards the other ground, a reading of the opinion of the Court, delivered on the 4th of last June, suffices to conclude that the section invoked was considered. That section must always be construed in connection with the preceding sections 1245 and 1246.

Sections 1245, 1246 and 1247 of the Civil Code are identical with sections 1278, 1279 and 1280 of the old code and, as stated by the Supreme Court of Spain in a judgment rendered on July 8, 1904, 98 J. C. 803, in harmony with its repeated decisions, "contracts are binding whatever the form of their execution, provided they comply with the requirements of section 1261 of the Civil Code, as in terms prescribed by

section 1278, from which it follows that their effectiveness, as between the contracting parties, depends exclusively upon their validity and not upon the extrinsic forms required by law for other distinct purposes.''

For many years past the scope of section 1247 of our Civil Code has been the subject of careful consideration on the part of this court, because a strict application of its provisions might lead to real injustice. Hence our view that said section does not preclude the testimony of witnesses where the contracting parties are the ones concerned, although, of course, such evidence must be strong and clear and entirely worthy of belief in order that it may be considered.

It is true that if the plaintiff had furnished the defendant with the bill of particulars which the latter requested, as far as it was within plaintiff's power to furnish it in view of the fire, he would have thereby shown his good faith and avoided the numerous obstacles and delays which have arisen in this minor litigation. The plaintiff placed himself in a difficult position and tied his hands for the presentation at the trial of detailed evidence. But although the last account stated and found correct by the defendant, as alleged in the complaint and established by the evidence, is the one to be used as a basis, we can not disregard the facts which preceded, coexisted with or followed the alleged acceptance by the defendant of the debit balance claimed from him.

A peculiar contract is involved here. The existence of the contractual relation is admitted by the defendant, and it would be something contrary to justice to reject the testimony of the merchant, of his clerk and of his collector, all relating to the written account delivered to the defendant and found correct by him.

Really the practice followed by the plaintiff in the present case is not to be recommended. He ran the risk of not being believed by the court and of losing his claim; but since his testimony as well as those of his witnesses was fully believed

by the trial judge, and was ample, clear and specific, the judgment must stand.

The evidence introduced by the plaintiff would have been sufficient according to the American jurisprudence, as appears from the following summary thereof set forth in Ruling Case Law:

"Evidence tending to show that the parties met and settled up, and that a balance was struck and agreed upon, is admissible to prove an account stated, and is sufficient to authorize the submission of the question as one of fact to the jury." 1 R.C.L. 220, sec. 21.

The motion for rehearing must be denied.