## ROWE a. THOMPSON.

*New York Common Pleas; General Term, January,* 1863.

STATUTE OF LIMITATIONS.—ACKNOWLEDGMENT IN WRITING.— SIGNING AND SUBSCRIBING.—EVIDENCE TO EXPLAIN WRITING.

There is a sufficient signing of an instrument, calculated to save a claim from the Statute of Limitations, under section 110 of the Code, if it is evident from any part of the instrument that the debtor named in it has given to it his assent.

Thus, where T., a debtor, procured his creditors to sign the following instrument: "We, the creditors of T., agree not to sue or molest him for his indebtedness, or the debts owing to us by him, for two years;"—it was *Held*, that so doing was equivalent to an agreement not to plead the two years as a part of the Statute of Limitations, and operated to extend the limitation of the statute for two years.—*Per* BRADY, J.

It is competent, in such a case, to show by a witness that such instrument referred to the claim in suit.

Appeal from a judgment.

This action was brought by Edward Rowe against Elmor Thompson. The facts are sufficiently stated in the opinion. The plaintiff had judgment, and defendant appealed.

*George B. Thompson,* for the appellant.—I. There was no legal acknowledgment to revive these notes. (*Code,* § 110.) Here there is no acknowledgment of any kind. The execution of an instrument by the plaintiff is no acknowledgment by the defendant. The acceptance of an instrument executed by one party seldom binds the other; and then not because it is an acknowledgment, but upon other principles. There is no acknowledgment of the specific debts sought to be revived. A valid acknowledgment must contain a reference to the specific debts

affected. (Rosevelt *a.* Mark, 6 *Johns. Ch.*, 266; Clarke *a.* Dutcher, 9 *Cow.*, 674; Stafford *a.* Bryan, 3 *Wend.*, 532; Bell *a.* Morrison, 1 *Pet.*, 351; *Ang. on Lim.*, 298, § 238; 21 *Pick.*, 323; 2 *Dev. & Batt.* (*N. C.*), 330; 6 *Pet.*, 86; Kimball *a.* Estate of Baxter, 27 *Verm.*, 628; Sutton *a.* Burness, 9 *Leigh* (*Va.*), 381.) The instrument given in evidence was not signed by the party to be charged. A paper drawn, to be executed by the other party, as a deed poll, can in no sense be said to be signed by the party not intending to execute it. (*Browne on Stat. of Frauds*, §§ 355, 357.) The signature required under the statute is that of the principal himself, and not that of an agent. (*Ang. on Lim.*, § 272; Clarke *a.* Alexander, 8 *Scott's N. R.*, 147; Hyde *a.* Johnson, 29 *Eng. Com. L. R.*, 757; Toms *a.* Cuming, 7 *M. & Gr.*, 88; 49 *Eng. Com. L. R.*, 86.)

II. There are no equities in this case which affect the running of the statute. Courts of equity hold themselves bound by this statute, even more firmly than courts of law. (*Ang. on Lim.*, 22.) A mere extension of the term of credit does not affect the statute, except where there was an express promise not to take advantage of the statute. (Gaylord *a.* Van Loan, 15 *Wend.*, 308. Contra, Rackham *a.* Marriott, 37 *Eng. Law & Eq. R.*, 460.)

III. There can be no deduction of the time during which the plaintiff obligated himself not to sue. The statute fixes the exceptions, where time is to be deducted. (*Code*, § 100, *et seq.*) Some six to nine months were left after the expiration of the extension; and if he has lost his remedy, it has been by his own negligence.

IV. The court erred in admitting proof of the contents of the paper against the objection of defendant's counsel, when it appeared that it was not signed by the defendant.

V. The court erred in overruling the objections of defendant's counsel to two questions, calling for the opinion of the witness as to what the writing referred to. (Morehouse *a.* Mathews, 2 *N. Y.*, 514; Rich *a.* Jakway, 18 *Barb.*, 357; Bell *a.* Holford, 1 *Duer*, 58.) The construction of a writing, when there are no facts to explain it, is for the court alone; if there is explanatory testimony, it is for the court or jury, but never for the witness. (Morrall *a.* Frith, 3 *Mee. & W.*, 402; 1 *Horn & H.*, 100; 2 *Jurist*, 619; 8 *Car. & P.*, 246.)

*Henry Morrison*, for the respondent.—I. The agreement entered into by the parties, being in law a valid extension of time for payment, and what is known to the law merchant as a letter of license, granted by the debtor to his creditor, was sufficient to save the debt from the operation of the Statute of Limitations.

II. The defendant having accepted such an agreement from his creditor, the plaintiff, he, the defendant, cannot avail himself of the Statute of Limitations. The agreement is within the provisions of the Code, § 110. The name of the debtor appears in the agreement; this is sufficient. (Davis *a.* Shields, 26 *Wend.*, 341; Clason *a.* Bailey, 14 *Johns.*, 484; Penniman *a.* Hartshorn, 13 *Mass.*, 87; Saunderson *a.* Jackson, 2 *Bos. & Pull.*, 238; Knight *a.* Crockford, 1 *Esp.*, 190.)

BRADY, J.—The plaintiff held notes of the defendant, dated respectively, March 8th, 1852, April 1st, 1852, and May 5th, 1852, and each payable six months after date. About the first of February, 1856, the defendant requested Mr. Hodges to " get his creditors to do something so that they could not molest him for a couple of years, to enable him to go into business." Mr. Hodges, acting upon this request, called upon the plaintiff to see if " he would not molest the defendant for two years, so that he could go into business: the plaintiff agreed to it." Mr. Hodges also said on the trial, " I merely asked the plaintiff if he would extend the time, and he granted it;" but the witness was not certain whether any paper passed. A paper was, however, presented by him, which the plaintiff signed, and the substance of which was, " We, the creditors of Elmor Thompson, agree not to sue or molest him for his indebtedness, or the debts owing to us by him, for two years from the 1st of February." The contents were not stated exactly, because the paper was not produced. It was, however, in the possession of the defendant. The plaintiff states in addition to the substance of the paper already given, " and at the end of that time the debt was to remain unimpaired. It was known as a letter of license, as near as I can recollect." This statement was not contradicted by the defendant, although he did not embrace it in giving his version of the contents of the paper. This action was commenced within six years after the first note became due, allowing to

the plaintiff the two years during which he agreed not to mo-
lest the defendants, or rather deducting it from the period which
had expired from the time that note became due, and the date
of the commencement of the action.    It will be perceived on
these facts, that this case does not involve the question of a new
promise, which is now required to be in writing, but whether
the defendant, having induced the plaintiff to suspend any pro-
ceeding against him for two years, is not estopped from availing
himself of that circumstance.    He admits that it was his design
to get from his creditors, generally, a similar agreement, but
states that not having succeeded, the paper signed by the plain-
tiff and others was of no avail to him.    He does not state, how-
ever, either that he gave notice of that result to the plaintiff or
offered to return him the paper signed.    He did nothing, in fact,
to advise the plaintiff that he was under no obligation to delay
proceeding, but permitted him to remain under the impression
that he was bound not to molest him.    The defendant appears,
therefore, with a defence technical and wanting in good faith.
It will not serve him.    The agreement which he made with the
plaintiff is an estoppel in *pais* as to the two years.    The plain-
tiff acted upon it, and he would be injured by allowing it to be
disregarded.    (See Cremin *a.* Byrnes, 4 *E. D. Smith,* 756; De-
zell *a.* Odell, 3 *Hill,* 215.)

The paper signed was equivalent to an agreement not to plead
the two years as a part of the Statute of Limitations.    Such an
agreement made during the running of the statute would be
binding.    (Utica Ins. Co. *a.* Bloodgood, 4 *Wend.,* 652; Gaylord
*a.* Van Loan, 15 *Ib.,* 308.)

The defendant virtually asked the plaintiff to suspend any
proceeding against him for two years, and having accomplished
his object endeavors to avail himself of it to the prejudice of
the plaintiff.    Not only in conscience, but in law, the defendant
cannot be allowed to set up his own breach of faith or fraud in
order to derive an advantage for himself to the injury of the
person deceived by him.    (Per NELSON, J., in Gaylord *a.* Van
Loan, *supra.*)    For these reasons I think the presiding judge
was right in directing the jury to find for the plaintiff.

The case, however, admits of another view; the paper which
the defendant caused to be presented to the plaintiff for his sig-
nature, may be regarded as a promise to pay, signed by the

defendant. The debt was to remain unimpaired. It was a promise to pay, at the end of the two years, the debt due to each one of the persons who signed it. If not a promise to pay, in absolute terms, it was in legal effect. . Under the Code (§ 110), no promise shall be sufficient evidence of a new or continuing contract, whereby to take the case out of the operation of the Statute of Limitations, unless the same be contained in some writing signed by the party to be charged thereby. Under the statute (29 *Car. II.*, 3, § 17), which was substantially the same as the section of the Code referred to, it was held to be a sufficient signing if the name of the party to be charged appeared in the agreement. (Saunderson *a.* Jackson, 2 *Bos. & Pull.*, 237 ; Knight *a.* Crockford, 1 *Esp.*, 190 ; 2 *Pars. on Cont.*, 287, 289, and *note ;* Slotes *a.* Moore, 1 *Cox*, 219.)

The name of Elmor Thompson was sufficiently signed to the agreement, therefore, to conform to the section of the Code referred to. Assuming this to be the case, then, if the writing contains a promise, the operation of the statute is avoided. I think, as before stated, that it does contain a promise, and that the defendant should be held upon this view, as well as the one hereinbefore expressed.

The exceptions taken to the question allowed to be answered by the witness Barnard, were not well taken. The defendant's counsel objected to proof of the contents of the paper signed by the plaintiff, as it was not signed by the defendant. The answer to the objection is, that the proof had already been given. The question, " what did that paper refer to ?" was pertinent, because if the agreement did not relate to the notes in suit, the statute clearly applied to them. The paper itself did not designate the debts deferred. I can discover nothing in this case which would warrant a reversal of the judgment. It should be affirmed.

HILTON, J.—The debt sued for was barred by the Statute of Limitations, unless the writing, denominated a letter of license, which the defendant procured to be drawn up and presented to the plaintiff for signature, and which after being signed was returned to and retained by the defendant, must be regarded as an acknowledgment by him of an indebtedness then existing in the plaintiff's favor.

The Statute (*Code*, § 110) allows that such an acknowledg-ment of indebtedness must be contained in a writing signed by the party to be charged therewith. It does not require the writing to be subscribed; therefore it is sufficient if it be evi-dent, from any part of the instrument of acknowledgment, that the debtor named in it has given to it his assent; and as the legal definition of the word "signed" is the act whereby a per-son gives or declares assent by name, sign, or mark," it follows that it is enough if it appears in the body, or upon the margin, or elsewhere, of the instrument, that such assent has been given. If the attestation appears anywhere upon the face of the writing it is sufficient, and the party thus attesting is bound as effect-ually as if he had subscribed his name at the foot. (See Davis *a.* Shields, 26 *Wend.*, 341, and cases cited.)

The opinion of Senator Verplanck, in this case, shows clearly the legal distinction between the words "signed" and "sub-scribed," when used in a statute : the former signifying what I have stated; and the latter meaning, subscribing the name at the foot of a written instrument.

The writing in question, tested by these views, was a sufficient acknowledgment of indebtedness by the defendant, within the terms of the statute, and operated as an extension of the time within which the plaintiff might bring his action.

Judgment affirmed.

DALY, F. J. (dissenting).—The plaintiff entered into an agree-ment on the 17th of February, 1856, which was binding upon him, by which he agreed not to sue or molest the defendant upon his indebtedness for two years from that date. At that time the defendant was indebted upon three notes, due respect-ively in the months of September, October, and November, in the year 1852. The present action was commenced upon these notes on the 8th of March, 1860, more than seven years after the last of the notes fell due. The defendant pleaded the Statute of Limitations, and the judge, at the trial, directed a verdict for the plaintiff.

The agreement, by the plaintiff, not to molest or sue the de-fendant for two years, which was entered into by him, with other conditions, and was in writing, cannot be regarded as an acknowledgment or promise, on the part of the defendant, in

the nature of a new and continuing contract, which would take the case out of the operation of the statute, as it was not signed by the defendant. The provision of the statute is, that the acknowledgment or promise, to have that effect, must be contained in some writing signed by the party to be charged thereby.

It was held in the Utica Ins. Co. *a.* Bloodgood (4 *Wend.*, 652), and Gaylord *a.* Van Loan (15 *Ib.*, 308), that an arrangement by the debtor, entered into before the statute attached, that he would not avail himself of it, would deprive him of the right of setting it up as a defence; that to allow him to do so when the creditor, having relied on his promise, had suffered the six years to go by, would be upholding the debtor, to the creditor's injury, in an act of bad faith; and that upon general principles, therefore, he should be estopped from setting up that defence.

The present, however, is not such a case. The defendant has neither expressly nor impliedly agreed to waive this defence; nor has the plaintiff, by adhering to any agreement entered into at the solicitation of the defendant, or otherwise, been deprived of the opportunity of commencing his action within the period required by law. He agreed not to molest or sue the defendant for two years, and he observed that agreement. But after that time had expired, seven months elapsed before the statute attached, and if he did not within that time commence his action, it was owing to his own neglect, and not to any further reliance upon any outstanding assurance or promise on the part of the defendant. The statute declares that the creditor shall commence his action within six years after the debt has accrued, or lose his remedy, and prescribes what disabilities—such as the absence of the debtor from the State, or the infancy, insanity, imprisonment, or coverture of the creditor—shall enlarge the time, and to what extent. Where no such disability exists, the obligation is imperative to commence it within the period named; unless the debtor has entered into some new acknowledgment or promise in writing, when the six years may be computed from the new engagement. No such new promise or acknowledgment was entered into here, and I am at a loss to see how the agreement of the plaintiff, not to molest the defendant for two years, can be regarded as operating as an estoppel in *pais* upon the ground that he acted upon it to the depri-

vation of his remedy, when he had seven months after that time expired within which he could have commeneed his action. Unless there is a new promise, the statute cannot be extended beyond the period limited, except in the cases for which special provision is made. This is not one of them. The effect of the judgment is to declare that if the creditor agrees for a specified time not to sue the debtor, that time shall not be taken as any part of the six years. This is extending the statute by reason of the creditor's disability to sue during the specified period, without any authority or warrant for so doing. It is not interpreting the statute, but adding something to it. It is declaring that a disability—not among those which the statute enumerates—shall, during its continuance, suspend the running of the six years. This a court has no power to do. The law, in effect, declares that where there is no acknowledgment or promise in writing, signed by the debtor, which may be taken as evidence of a new or continuing contract, the action shall be brought within six years from the time when the cause of action accrued, unless in the case of certain disabilities, which are specified, and to this nothing can be added.

The judgment should be reversed.

Judgment affirmed.