(115 App. Div. 330)

BUSKIRK v. O. J. GUDE CO. et al.

(Supreme Court, Appellate Division, First Department.   November 5, 1906.)

NUISANCE—PUBLIC NUISANCE—RIGHTS OF PRIVATE PERSONS—SPECIAL DAMAGES.

>   Where the tenant of a store suffered injuries to his awnings, signs, and show cases by reason of water dropping from a structure maintained on the building, which structure constituted a public nuisance, and suffered injuries from ice and snow falling from the structure, and his store was obstructed by painters employed on the structure, from time to time, coming and going with their utensils, and the front of his door was, from time to time, obstructed by ropes hanging from the painters' scaffold, and he showed a pecuniary loss of from $235 to $275 by reason of injuries to awnings, etc., he had suffered such special damages that he was entitled to an injunction.

>   [Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Nuisance, § 169.]

Appeal from Special Term.

Suit by George W. Buskirk against the O. J. Gude Company and another.   From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before PATTERSON, INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

W. A. Purrington, for appellant.
A. S. Gilbert, for respondent.

PATTERSON, J.   The plaintiff was a tenant, occupying part of the building No. 1324 Broadway, in the city of New York, where for 20 years he carried on the business of stationer and bookseller.   The defendant, a corporation, engaged in business in the city of New York, maintained upon this building, with the permission of the landlord, the defendant Lawrence, a wooden structure, showboard, or sign at the top of the front of the building and under the cornice, which sign extended the entire length of the frontage of the building and of an adjoining building.   It is described as being supported by iron cleets, brackets, or stanchions, projecting from the front of the building 2 feet at the bottom of the sign and 2½ feet at the top.   This sign, or showboard, upon which are displayed electric lights beneath a metallic hood which illuminated it, is alleged to have been a violation of the general ordinances of the city of New York and constituted a common nuisance in the neighborhood, to the special injury of the plaintiff, in that signs or displays of the company are made by painting thereon words and pictures or devices to advertise various articles, changes being frequently made in the advertisements, and whenever such a change took place a painter's scaffold was used and ropes left hanging in front of the plaintiff's premises for an unnecessarily long period.   The ropes of the scaffold are an obstruction to the premises, are annoying to passersby, and particularly to the plaintiff's customers entering and leaving the store.   In the process of painting advertisements paint is spattered, to the annoyance of plaintiff's customers and the defacement of his signs, windows, show cases, and

awnings, dust and dirt accumulate on the showboard or the space existing between the showboard and the front of the house, and in time of rain plaintiff's customers are annoyed and their clothing soiled and injured, and the plaintiff's show windows, signs, and awnings damaged by streams of muddy water. In the winter the metallic hood and showboard become coated with ice and sleet which fall to the street, imperilling the safety of plaintiff's customers and of the public. Various other items of injury are set forth in the complaint and were proven at the trial.

It was admitted in the court below, and again on the argument of the cause at the bar of this court, that the structure of which the plaintiff complains constitutes a public and a private nuisance, and the learned justice who decided the cause at the Special Term in his opinion declares that the showboard and its appurtenances overhanging the sidewalk is an unlawful structure and constitutes a public nuisance. It is not contended by the defendant that the court is without jurisdiction to enjoin the continuance of a public nuisance at the suit of a private party injured thereby, but the learned justice in the court below held as matter of fact that the plaintiff had sustained no damage by reason of the existence of that which is admitted to be a nuisance, and that he was not entitled to the relief sought, because a court of equity will not grant injunctive relief to a plaintiff in such an action unless he has suffered financial loss or other special injury in consequence of the maintenance of a nuisance.

As we read the record now before us, the plaintiff made ample proof of financial loss and of special injury. He suffered injuries to his awnings and signs and show cases by reason of water dripping from the structure. Ice and snow forming thereon dropped down, causing the sidewalk to become slippery, to the annoyance of his customers. Paint dropped down from the showboard, his place of business was obstructed by painters coming and going with their utensils, blocking the sidewalk with their material, and the front of his door with ropes hanging from the scaffold would sometimes remain there two or three days. He proved an actual pecuniary loss of from $235 to $275 by reason of damage to his awnings and signs and show cases. As said by Earl, J., in Callanan v. Gilman, 107 N. Y. 370, 14 N. E. 267 (1 Am. St. Rep. 831) :

"It is the undoubted law that the plaintiffs could not maintain this action without alleging and proving that they sustained special damage from the nuisance, different from that sustained by the general public."

Accepting that as an accurate statement of the law, the proof here shows that the plaintiff did sustain special damage as above narrated. In the case above cited the very scanty proof that some custom was turned from the plaintiff's store on account of an obstruction in the street and that pedestrians were turned from the north side of the street before reaching the plaintiff's store was regarded as sufficient evidence to show special damage.

We think the evidence here of special damage by interference with the plaintiff's business, as well as by direct pecuniary loss, was quite sufficient to authorize the issuance of the injunction prayed for in the

complaint, and that therefore the judgment should be reversed and a new trial ordered, with costs to appellant to abide the event. All concur.