(95 Misc. Rep. 3)

## In re SANFORD.

(Surrogate's Court, Chenango County, April, 1916.)

1. LIMITATION OF ACTIONS ⬥═14—RUNNING OF STATUTE—POSTPONEMENT BY
   AGREEMENT.

   An agreement between plaintiff and the two defendants that a deficien-
   cy judgment in foreclosure should not be enforced until after death of
   both defendants operated to suspend the running of the statute of lim-
   itations relating to judgments (Code Civ. Proc. § 376) until the death of
   the defendant last dying, where the other defendant had used the agree-
   ment to discharge the lien of the deficiency judgment on realty sold after
   the docketing of the judgment.

   [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§
   59–61; Dec. Dig. ⬥═14.]

2. INTEREST ⬥═22(1)—JUDGMENTS—CLAIM AGAINST ESTATE.

   Under Code Civ. Proc. § 1211, providing that a money judgment shall
   bear interest from the time when it is entered, a judgment constituting
   the basis of a claim against a decedent's estate bore interest, though its
   enforcement had been suspended until after the death of decedent by an
   agreement which contained no provision limiting the accruing of inter-
   est.

   [Ed. Note.—For other cases, see Interest, Cent. Dig. §§ 43, 48, 51; Dec.
   Dig. ⬥═22(1),]

Proceeding on final judicial settlement of the accounts of Walter S.
Sanford, as executor of the last will and testament of Helen J. Harvey,
deceased. Decreed according to opinion.

Joseph M. Forsythe, of Norwich, for executor.
Ward N. Truesdell, of Sherburne (Hubert C. Stratton, of Norwich,
of counsel), for claimant.

HILL, S. This is a claim presented by Edward J. Daniels against
the above-entitled estate. Objection was made thereto. It is heard
by stipulation on final accounting before the surrogate.

[1] In December, 1891, the claimant herein, Edward Daniels, start-
ed an action for the foreclosure of a real estate mortgage upon cer-
tain property owned by one Sarepta Harvey and the decedent, Helen
J. Harvey. The plaintiff was represented by Charles A. Fuller, his
attorney, and the defendants were represented by D. L. Atkyns, an
attorney then living and residing at Sherburne, N. Y., who has since
died. The attorneys for the respective parties met at the office of
Mr. Fuller on the 8th day of February, 1892. A stipulation on that
date was made by Mr. Atkyns, attorney for the defendants, one of
whom was the decedent, whereby he waived the service of all papers
in the action, and it appears that Attorney Atkyns produced at that
conference an instrument, entitled in the foreclosure action, the body
of which instrument is as follows:

"This indenture, made this 8th day of February, 1892, between Edward
Daniels, party of the first part, the above-named plaintiff, and Sarepta V.
Harvey and Helen J. Harvey, parties of the second part, witnesseth:

"That the said party of the first part, in consideration that the parties of
the second part have, at the request of the plaintiff, procured one Stephen
Benton to release his lien upon the mortgaged premises, and that the defend-

---

⬥═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ant Sarepta V. Harvey has appeared by attorney in the above-entitled action, and admitted the personal service of a copy of the summons and complaint herein, without actual service of a copy thereof to her, and for value received hereby covenants and agrees that, in case of a deficiency arising upon the sale in foreclosure in the above-entitled action, and the entry of a judgment therefor, he will at no time during the life of said parties of the second part, or either of them, issue any execution for the collection thereof against any property, real or personal, of the said parties of the second part, or either of them, nor resort to any legal or equitable proceedings for the collection thereof, except under the circumstances hereinafter mentioned, the purpose and intent of this instrument being that no part of such judgment shall be collected of any property of either of said parties of the second part, during their lives, or the life of either of them, or out of any fund, remainder, or surplus arising from any sale of their property, to which they or either of them would be entitled, if it were not for such judgment; and it is further covenanted and agreed by the said party of the first part that, if the parties of the second part shall at any time sell or dispose of their real estate, then and in that case such premises are to be released from the lien of this judgment, or such judgment shall thereupon cease to operate or remain as a lien thereon, without a formal release.

"But if at any time there shall be a sale of the real estate of said parties of the second part, or either of them, under such circumstances that neither of said parties of the second part could take any part of the proceeds of such sale, or of any surplus arising from such sale, did such judgment in favor of the plaintiff not exist, but such surplus would be taken by other liens subsequent to the lien of the plaintiff, instead of by said parties of the second part, or one of them, then and in that case the judgment lien of the plaintiff shall remain as of its order of priority and be entitled to payment out of any such surplus, in preference to such later lienors.

"In witness whereof, the said party of the first part has hereunto set his hand and seal the day and year first above written."

Such instrument above quoted was signed by the plaintiff, Mr. Daniels, and acknowledged before a notary public, and same was taken away from the conference by Mr. Atkyns, attorney for the decedent and another. The foreclosure action was run through to a sale. A deficiency resulted. On April 15, 1892, there was docketed in the Chenango county clerk's office a deficiency judgment resulting from such foreclosure in favor of Edward Daniels against Helen J. Harvey and Sarepta Harvey for the sum of $391.78. This instrument above quoted was recorded in Chenango county clerk's office on the 17th day of July, 1893, at 3 o'clock p. m. in Book 191 of Deeds, at pages 169 and 170. In the same Book of Deeds, immediately following the record of such agreement, signed by Mr. Daniels, appears a deed given by Helen J. Harvey, one of the defendants, to George B. Whitmore, which deed bears date June 12, 1893. The record shows that the deed was filed for record the same day and hour as the above-quoted instrument. The satisfaction of judgment mentioned in favor of Stephen Benton was satisfied as required by the agreement, which satisfaction was acknowledged on the 14th of June, 1893, and was filed in the clerk's office on the 17th day of July, 1893. Sarepta V. Harvey died several years ago, and prior to the death of decedent herein. The claimant herein presents a claim against the estate for the amount of said judgment, $391.78, and interest thereon from April 15, 1892. The executor has objected to the same, arguing that the statute of limitations has run, which is true unless the agreement deferred the running thereof.

The agreement was signed by the plaintiff at the request of the attorney for the defendants. Had the defendants, one of whom was the decedent, signed and executed this instrument, unquestionably it would have deferred the running of the statute, for the weight of the authorities permits parties to fix a limitation other than that fixed by statute. After the paper was executed by the plaintiff the attorney for the defendant took it away. The subsequent appearance thereof for record shows that it was adopted and accepted by the defendant. This decedent sold certain real estate which except for the agreement would have been subject to the lien of the judgment. The purchaser apparently demanded and received the release of the lien of the judgment, for it was recorded the same day and hour as the deed from the decedent and in the same Book of Deeds.

In Porter v. Magnetic Separator Company, 115 App. Div. 330, 100 N. Y. Supp. 888, a loan was made which by its terms was due and payable "as soon as the company [the borrower] was in a condition of financial ability to repay it." The court held that the statute of limitations did not commence to run until the defendant should show that the company did have financial ability to repay the loan. Hobart v. Verrault, 74 App. Div. 444, 77 N. Y. Supp. 483.

On January 2, 1879, the defendant's intestate gave unto the plaintiff's assignor a promissory note, dated that day, for $6,000, payable six months after date. Thereafter, and on January 31, 1881, the maker of the note indorsed thereon, "This note good only after my death," and signed the same. The maker lived until about September 28, 1899, and when the note was presented against the estate a defense of the statute of limitation was interposed. In the opinion the following language appears:

"There was the fulfillment upon the part of the payee of forbearance in exercising his legal rights, and under such circumstances the personal representative should be held estopped from availing himself of the terms of the statute."

Rowe v. Thompson, 15 Abb. Prac. 377, is a case where a debtor procured his creditors to sign a statement:

"We, the creditors of Thompson, agree not to sue or molest him for his indebtedness, or the debts owing to us by him, for two years."

This statement was not signed by the debtor, but the court held that the procurement thereof by him removed the case from the operation of the statute. This case was cited with approval in the Hobart Case, above mentioned.

The decedent in the case at bar sought to have the claimant execute and make the agreement in question. She accepted the benefits thereof. The claimant had a right to collect the judgment by execution, except for the agreement. He waived that right. This became an executed contract, when decedent accepted it and used it to discharge the lien of the judgment upon the real property sold after the docketing thereof. The statute of limitations did not commence to run, in my opinion, until the death of both Sarepta V. Harvey and the decedent, Helen J. Harvey.

By virtue of the agreement, the claimant under the terms of the

agreement was not entitled to an execution to enforce this judgment until after the death of these parties. Section 376 of the Code of Civil Procedure, which fixes the limitation upon judgments, provides in part:

"A final judgment * * * is presumed to be paid and satisfied, after the expiration of twenty years from the time, when the party recovering it was first entitled to a mandate to enforce it."

The claimant never had a right to a mandate until the death of these parties.

[2] The attorney for the executor raises the question that, even if the face of the judgment is allowed against this estate, in no event should interest be allowed. Section 1211 of the Code provides:

"A judgment for a sum of money, rendered in a court of record, or not of record, or a judgment rendered in a court of record, directing the payment of money, bears interest from the time when it is entered."

This judgment is the usual and ordinary judgment, and subject to all the laws of the date thereof except so far as same are modified by the agreement. I find no provision in that agreement limiting the accruing of interest.

I hold and decide that the claim, with interest thereon from the date of the entry of the judgment, should be allowed.

Decreed accordingly.