THE STATE BY FRANK I. ACKERMAN, PLAINTIFFS-RE-
SPONDETNTS, v. PAUL STEINER, DEFENDANT-PROSE-
CUTOR.

Submitted May 18, 1929—Decided November 15, 1929.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutor, *Samuel F. Slaff* (*Vincent J. Paterno,* of counsel).

For the respondents, *Joseph P. Betz* (*Joseph J. Wein-berger,* of counsel).

PER CURIAM.

The prosecutor of this writ was convicted in the police court of the city of Passaic upon two complaints, one charging that he erected a sign in front of his office without having obtained a permit therefor, and the other that he maintained the sign after he had been ordered to remove the same by the supervisor of buildings, both contrary to article 173 of the building ordinance of the city.

Apparently the cases were tried together below, and they have been argued here together, since both raised the same questions.

We express no opinion as to the legal propriety of the procedure adopted by the prosecutor for the review of such convictions, but deal with the matter as it is presented to us.

In our judgment none of the reasons assigned for reversal (they are identical in both cases) will justify a reversal of these judgments.

The first reason is that "the sign set up by the prosecutor on which the complaint was based was not such as is contemplated by the ordinance which was claimed to have been violated."

We think that is not so. The title of the building ordinance is "An ordinance to regulate and control the erection, construction, alteration, repair, demolition and moving of buildings and other structures in the city of Passaic, Passaic county, New Jersey." It was enacted pursuant to article 14, section 1, paragraph N of chapter 152, *Pamph. L.* 1917, which grants to the municipality the right "to regulate and control the construction, erection, alteration, and repair of buildings and structures of every kind in such municipality."

Article 173 of the ordinance by section 1 provides that "signs and billboards may be erected in any business and industrial districts in the city of Passaic if they conform to the provisions of this ordinance" and section 2 reads in part, "before any signs, fixed awning, or other projecting object, billboard or advertising device is altered or erected upon or above the ground or upon or above any building in the city of Passaic, a permit shall be obtained from the bureau of buildings, for which an annual fee shall be paid, except that temporary signs [as therein described] may be erected without a permit." The sign in question was not a temporary sign.

The prosecutor argues that the sign in question was not a structure. We think that it was. It was an electrically lighted, swinging sign of wood and metal, five feet long by three feet eight inches wide, hung on the front of his dental office in a residential district of Passaic, and exhibited the words "Dr. Paul Steiner, Dentist." Such a sign is a structure. *Hendryx* v. *New Haven*, 134 *Atl. Rep.* 77; *City of New York* v. *Wineburgh Advertising Co.*, 122 *App. Div.* 748.

The second reason is that "the signs contemplated in the ordinance which prosecutor was alleged to have violated and of which he was convicted, are such as are in use in business and industrial districts, whereas the sign in question was set

up in front of the entrance to his office situate in a residence district."

The answer to this point is that an examination of the ordinance shows that the contention is untrue in point of fact. Besides the sections quoted, section 3 of article 173 provides that "the term sign shall be construed to include every sign, billboard or advertising device," and section 15 provides that "all electrical equipment of signs * * * must be done in accordance with the rules and regulations of the electrical bureau of the city."

The third reason is that "as to signs set up in residence districts, as was the case in the convictions against the prosecutor, the ordinance of the city of Passaic regulating the same is what is commonly known as zoning ordinance, whereas the ordinance, the violation of which prosecutor was charged and convicted was what is commonly called the building code entitled 'An ordinance to regulate and control the erection, construction, alteration, repair, demolition and moving of buildings and other structures in the city of Passaic, Passaic county, New Jersey.'"

This point is answered by our answer to the second reason.

The fourth reason is that "if the sign set up by the prosecutor was within the so-called building code, the ordinance is illegal and unconstitutional because such ordinance would embrace more than one object and because such object is not expressed in the title."

In his argument in support of this reason the prosecutor relies alone upon the provision of our state constitution referred to therein. The answer to that argument is that such constitutional provision has no application to city ordinances.

The fifth reason is that "if the sign in question was contemplated by the so-called building code, and if the title of the said ordinance were comprehensive to include such signs, the ordinance would be in violation of the guarantee given by article 1, section 1 of the constitution of the State of New Jersey."

The argument is that the ordinance deprives the prosecutor of the rights of private property. We think that it does

not, but that it is a valid exercise of the police power in the interest of public safety and welfare.

The sixth reason is that "the constitution of the State of New Jersey as amended by the first amendment still preserves to the citizens the rights guaranteed in article 4, section 7, and article 1, section above quoted, because the amendment affects only zoning ordinances."

In so far as this reason calls for any answer, it is answered by what we have already said.

The seventh reason is that "if the ordinance on the violation of which prosecutor was convicted does embrace the setting up of a sign such as prosecutor set up, it is unconstitutional because it is unreasonable exercise of police powers."

We have already indicated that there is no merit in this reason. The ordinance did not prohibit the sign. It merely required that before it was erected a permit should be obtained from the proper city authorities; and it forbids the maintenance thereof without such permit after notice to remove same. The prosecutor never made any application for a permit.

Without expressing any opinion as to the reasonableness of the ordinance in other respects or as to other signs, it seems that there can be no question that the ordinance was quite reasonable in so far as it required a permit in respect to a sign of the type in question operated by electricity.

The judgments of conviction will be affirmed, with costs.