DETROIT TRUST CO. *v.* AUSTIN.

1. LANDLORD AND TENANT—CONSENT—STRUCTURAL ADDITIONS—SIGN-BOARDS.

Solid metal signboard, 24' x 16' in size with 4-foot lattice work beneath, *held,* a structural addition within meaning of lease requiring written consent of landlord for such alterations.

2. SAME—INJUNCTION—MULTIPLICITY OF SUITS—DAMAGES—RENTS ON ADJACENT PROPERTY.

Tenant who erected signboard to advertise products sold on premises without having secured written consent of landlord as required by lease and which caused landlord to lose rentals for use of adjacent property *held,* liable, incident to injunctive relief and to avoid multiplicity of suits, for damages for loss of rentals through violation of restrictions.

Appeal from Wayne; Richter (Theodore J.), J. Submitted October 11, 1939. (Docket No. 118, Calendar No. 40,746.) Decided December 19, 1939.

Bill by Detroit Trust Company, trustee under the will of DeWitt H. Taylor, deceased, and others against Charles E. Austin for a mandatory injunction ordering removal of a signboard and money damages for alleged loss of rentals. From decree rendered, defendant appeals and plaintiff cross-appeals. Affirmed in part and remanded for a new decree.

*Bratton & Bratton,* for plaintiffs.

*Joseph E. Arsulowicz,* for defendant.

Butzel, C. J. On May 15, 1935, plaintiffs leased to defendant for a period of 10 years property situated at the southwest corner of Woodward and Taylor avenues, Detroit, to be used and occupied exclusively for a gasoline and oil filling station and purposes incidental thereto. It was provided in the lease that the filling station and appurtenances were to be erected by the lessee in accordance with the plans and specifications prepared and approved by him and the lessor but paid for exclusively by the lessor. The specific kind, color and location of all items to be erected were shown on a general arrangement plan prepared by an architect, which was referred to in the agreement and attached thereto. The filling station was built and possession taken by defendant under the terms of the lease, included in which is the following provision:

"The lessee shall not make any structural additions to or alterations of said premises and gas station without the prior written consent of the landlord."

Following determination of the restriction case involving the same property (*Taylor Avenue Improvement Ass'n* v. *Detroit Trust Co.,* 283 Mich. 304), certain alterations in the premises became necessary, including removal of the station building further toward the southerly line of the property. The parties mutually consented to these changes in writing dated May 10, 1936; an architect's blueprint specifically detailing the alterations was again attached to the agreement.

On or about December 1, 1938, the defendant, without permission of the landlord, proceeded to erect a signboard on the leased premises along the southern boundary and at right angles to Woodward avenue. The sign is about 24 feet long and 16 feet high.

Square lattice work, four feet high, extended along the bottom for the entire length of the sign, partially obscuring objects behind it. Above this there was placed a solid metal signboard, surrounded by a frame, over the top of which electric lights projected for purposes of illumination. The sign has been used exclusively to advertise defendant's products.

Less than two months later, plaintiffs filed a bill of complaint to enjoin what they alleged is a violation of the above-quoted provision of the lease, and sought a mandatory injunction ordering removal of the signboard. It was claimed that plaintiffs had leased adjoining property owned by them to an outdoor display company for purposes of billboard advertising. The view of the billboards on this property was so obstructed by the sign erected by defendant that the advertising company terminated its lease as it was entitled to do under its terms. As a result, plaintiffs in their bill claim damages for the loss of such rentals as they would have received from the adjoining land for the period of the lease. After hearing, the trial court ordered removal of defendant's sign but made no award of damages.

Is the sign a "structural addition to" or "alteration of" the premises and gas station within the meaning of the lease? The parties have not seen fit to furnish us with photographs or a description of rear of the sign to indicate how it is supported or attached to the premises. But it requires no student of physics to realize that such a billboard requires very substantial supports planted in the ground to keep it standing or able to resist the pressure of the wind. There can be little question that it is a "structure," and that its erection consequently is a "structural addition" to the premises on which it is placed.

The authorities confirm this conclusion. In *City of New York* v. *M. Wineburgh Advertising Co.,* 122 App. Div. 748 (107 N. Y. Supp. 478), the court said:

"According to the generally accepted meaning of the terms, while a building is always a structure yet many things may be termed structures which are not buildings (*Chaffee* v. *Union Dry Dock Co.,* 68 App. Div. 578 [73 N. Y. Supp. 908]; *Wingert* v. *Krakauer,* 76 App. Div. 34 [78 N. Y. Supp. 664]), and in numerous cases in the State the term 'structure' has been specifically applied to bill boards. (*City of Rochester* v. *West,* 29 App. Div. 125 [51 N. Y. Supp. 482]; *Gunning System* v. *City of Buffalo,* 75 App. Div. 31 [77 N. Y. Supp. 987]; *Buskirk* v. *O. J. Gude Co.,* 115 App. Div. 330 [100 N. Y. Supp. 777].)"

This case was cited by us in *C. K. Eddy & Sons* v. *Tierney,* 276 Mich. 333, where we approved the following definition:

"In the broadest sense a structure is any production or piece of work artificially built up or composed of parts joined together in some definite manner; any construction."

See, also, *Ackerman* v. *Steiner,* 7 N. J. Misc. 1056 (147 Atl. 746), which was also cited with approval in the *Tierney Case, supra,* where a sign 5 feet long and 3 feet 8 inches wide was held a "structure," and *Kobbe Co.* v. *City of New York,* 122 App. Div. 755 (107 N. Y. Supp. 489).

Such an interpretation, we believe, effectuates the intended meaning of the parties. Their original plans, which remain unmodified in this particular by the subsequent agreement entered into after our former decree, specified in detail the exact location, size, and color of each item to occupy the premises. No provision was made, however, for the erection or location of any sign or advertising billboard. The

cases upon which defendant relies in his brief involve construction of statutory or contractual language substantially different than the provision of the present lease. It should be borne in mind that both "additions" and "alterations" to both premises and gas station are here prohibited. The crucial language in these decisions was much less explicit.

The trial court was correct in finding that the erection of the signboard was a structural addition to the premises and the mandatory injunction to remove it was proper.

The stipulation of facts shows that the plaintiff suffered damages through the breach of the restrictions. The judge found the breach of the restrictions and that because the signboard was an obstruction to the adjoining premises owned by plaintiff, and which had been rented for advertising purposes, the lease to the adjoining premises had been terminated with a resulting loss of rentals for three months amounting to $150. He nevertheless failed to make any order awarding or denying damages to plaintiff. Plaintiff has filed a cross-appeal. To avoid a multiplicity of suits, the decree should have included an award of $150 to plaintiff from defendant because of the loss of that amount through violation of the restrictions.

A new decree may be entered in accordance with this opinion. Plaintiff will recover costs.

WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.